TOMAS BURCIAGO v. THE STATE.

No. 6046. Decided March 2, 1921.

**1.—Intoxicating Liquors—Validity of Dean Law—Indictment.**

Where, the indictment was attacked upon the invalidity of the so-called "Dean Law," Act Second Called Session, Thirty-six Legislature, Page 228, the same is untenable, as said Act has been upheld as valid by this Court. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529, and other cases.

**2.—Same—Evidence—Per Cent of Alcohol—Chemist—Analysis.**

Where, defendant complained that a chemist was permitted to testify as to his analysis of the contents of various bottles sent him by the county attorney, in all of which was found a greater than one-per cent of alcohol, and in one as high as thirty-five per cent, because the contents of

said bottles are not shown to have been in the same condition, as when taken from defendant's premises, and it was claimed that the liquor had been mixed; but it was shown, as appears from the record, that the liquor when analyzed was in the same condition as when found in defendant's house, etc., there was no reversible error under a proper charge of the court.

### 3.—Same—Evidence—Condition of Liquor Receptacles.

Upon trial of unlawfully selling intoxicating liquors in violation of the so-called Dean Law, there was no error in permitting the sheriff to testify as to the condition of the barrels found in defendant's house, nor to the sheriff's statements in that connection that it looked like the mash had run over the edges of the barrels and dried.

### 4.—Same—Intoxicating Liquors—Medicinal Purposes—Permit.

Where, defendant claimed immunity on the ground that he was making the liquor for his own use for medicinal purposes, and proved by other witnesses his need of some stimulant, and was asked on cross-examination by the State if he had a permit from the Federal or State government to manufacture the same, which he answered in the negative, held, there was no error in admitting this latter testimony, in the instant case.

### 5.—Same—Charge of Court—Medicinal Purpose—Permit—Requested Charge.

Where, upon trial of manufacturing spirituous liquor in violation of the so-called Dean Law, the defendant contended that he was making said liquor for his own use for melicinal purposes, and introduced testimony to that effect, and the evidence also showed that he had no legal permit to manufacture such liquor, but defendant requested a charge instructing the jury that if they believed beyond a reasonable doubt that he did make said liquor for medicinal use, etc., that then the defendant would not be guilty of the offense charged in the indictment, and this issue had not been affirmatively submitted by the court in his main charge, his refusal of such requested charge was reversible error, in the instant case.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of illegally manufacturing spirituous and intoxicating liquors under the so-called Dean State prohibition law; penalty, one year imprisonment in the penitentiary.

The indictment is as follows:

"In the Name and by Authority of the State of Texas: The Grand Jurors in and for the County of Falls, State aforeseaid, duly organized as such at the May Term, A. D., 1920, of the District Court for said County, upon their oaths in said court present that Tomas Burciago on or about the 12th day of April, one thousand Nine Hundred and Twenty, and anterior to the presentment of this indictment, in the County of Falls and State of Texas, did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes

88 Tex.—37.

manufacture spirituous and intoxicating liquor and malt liquor and medicated bitters capable of producing intoxication.

And the grand jurors aforesaid, upon their oaths aforesaid, in said court further present that Tomas Burciago on or about the 12th day of April, One Thousand Nine Hundred and Twenty, and anterior to the presentment of this indictment, in the County of Falls and State of Texas, did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes manufacture Spirituous and intoxicating liquor and malt liquor containing in excess of one per cent of alcohol by volume.

And the grand jurors aforesaid, upon their oaths aforesaid, in said court further present that Tomas Burciago on or about the 12th day of April, One Thousand Nine Hundred and Twenty, and anterior to the presentment of this indictment, in the County of Falls and State of Texas, did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes manufacture malt liquor containing in excess of one per cent of alcohol by volume.

And the grand jurors aforesaid, upon their oaths aforesaid, in said court further present that Tomas Burciago on or about the 12th day of April, One Thousand Nine Hundred and Twenty, and anterior to the presentment of this indictment, in the County of Falls and State of Texas, did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes manufacture spirituous liquor containing in excess of one per cent of alcohol by volume.

And the grand jurors aforesaid, upon their oaths aforesaid, in said court further present that Tomas Burciago on or about the 12th day of April, One Thousand Nine Hundred and Twenty, and anterior to the presentment of this indictment, in the County of Falls and State of Texas, did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes possess malt liquor containing in excess of one per cent of alcohol by volume.

And the grand jurors aforesaid, upon their oaths aforesaid, in said court further present that Tomas Burciago on or about the 12th day of April, One Thousand Nine Hundred and Twenty, and anterior to the presentment of this indictment, in the County of Falls and State of Texas, did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes possess spirituous liquor containing in excess of one per cent of alcohol by volume.

And the grand jurors aforesaid, upon their oaths aforesaid, in said court further present that Tomas Burciago on or about the 12th day of April, One Thousand Nine Hundred and Twenty, and anterior to the presentment of this indictment, in the County of Falls, and State of Texas, did then and there unlawfully and not for medicinal, mechanical, scientific or sacramental purposes possess spirituous and intoxicating liquor and malt liquor and medicated bitters capable of producing intoxication, against the peace and dignity of the State."

*Nat Llewellyn,* for appellant.—Cited Payne v. State, 17 Texas Crim. App., 40; Choate v. State, 221 S. W. Rep., 980.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited Brisco v. State, 222 S. W. Rep., 250.

HAWKINS, JUDGE.—Appellant was convicted for manufacturing spirituous liquor containing in excess of one per cent of alcohol, and his punishment fixed at one year in the penitentiary.

The indictment contains eight counts, and is a model of its kind, showing great care and patience in its preparation.

The indictment was attacked, not because of its form, but for charging offenses defined under what is known as the Dean law, Act Second Called Session, Thirty-sixth Legislature, p. 228, 1919. Various grounds were urged why said law should be held inoperative. In *Ex parte* Gilmore, 88 Texas Crim. Rep., 529; 228 S. W. Rep., 199, recently decided by this court, these questions were reviewed at length and decided adversely to appellant's contention. In the even more recent case of Ves Banks v. State, a conviction was affirmed where appellant was charged with having in his possession equipment for the manufacture of intoxicating liquor.

All counts were withdrawn from the jury's consideration save the one for the manufacture, and the charging part of that count is: "did then and there unlawfully, and not for medicinal, mechanical, scientific or sacramental purposes, manufacture spirituous liquor containing in excess of one per cent of alcohol by volume."

Appellant complains that a chemist was permitted to testify as to his analysis of the contents of various bottles sent him by the county attorney, in all of which he found a greater than on per cent of alcohol, and in one as high as thirty-five per cent, because the contents of said bottles are not shown to have been in the same condition as when taken from appellant's premises, appellant claiming the various liquors found had been mixed. An examintion of the bills on this question and the evidence, leads us to conclude that it was sufficiently shown that the liquor when analyzed was in the same condition as when found in appellant's house. It as most raised only an issue of fact, and the trial judge fully protected appellant by instructing the jury that if they "believed from the evidence that any of the liquor contained in any of the bottles identified by the witness Golaz as having been received by him had prior to being poured into said bottles been mixed with liquids from different receptacles, then you will not consider for any purpose the testimony as to analysis or nature of any liquid in any bottle, if any, which you believe had been so mixed." Any way, the appellant testified that he made all the liquor which was found in the various bottles, jugs, and other containers at his house, and if a five per cent liquid got mixed with a fifteen per cent it occurs to us the analysis of the com-

bination would only show a ten per cent, of which appellant could not complain.

We find no error in the action of the court in permitting the sheriff to testify as to the conditions of the barrels found in appellant's house, nor to the sheriff's statement in that connection that it looked like the mash had run over the edges of the barrels and dried.

The appellant was defending on the ground that he was making the liquor for his own use for medicinal purposes, and had proven by other witnesses his need of some stimulant, and while on the witness stand had himself testified that he had asthma and had to have something to keep him up, and was making the liquor for his own use, and for that purpose. He was asked on cross-examination by State's counsel if he had a permit from the Federal government or Comptroller of the State to manufacture this liquor, and answered that he did not have such permit. Appellant reserved timely objection, and presents this as error. We cannot agree that the trial court committed error in admitting this testimony. If appellant was manufacturing the liquor in question for medicinal purposes, the presumption would be that he was doing so lawfully, and that he had complied with the requirements of the Dean act and secured a permit to so manufacture it. Not having secured a permit, the State could well argue that upon that issue of fact it was persuasive that he was not making it for medicinal purposes.

The remaining bills of exceptions raise the same question practically and present a serious problem for this court to determine. They will all be considered and discussed together.

In the fifth paragraph of the court's charge the jury are told: "You are instructed that in order for any person to be authorized to manufacture liquor for medicinal purposes, he must have obtained a permit from the Comptroller of Public Accounts." This portion of the charge was objected to in a timely manner. Appellant also requested the following special charge: "You are charged that if you believe, beyond a reasonable doubt, that the defendant did make liquor as alleged, but further believe that he made the same for medicinal use, that is, for use as a medicine for the relief of asthma or other physical ailments, or if you have a reasonable doubt that such was his purpose in making such liquor, then the defendant would not be guilty of the offense charged in the indictment, and you will in such case acquit him, or if you have a reasonable doubt as to whether he made the same for medicine, you will give him the benefit of the doubt, and by your verdict find him not guilty." This special charge was refused by the learned trial judge, and an examination of the main charge discloses that nowhere in it is that issue presented affirmatively for appellant. In paragraph three of the charge the jury are told if they believe from the evidence beyond a reasonable doubt that the appellant did "manufacture spirituous liquor containing in excess of one per cent of alcohol by volume, and that he did not manufacture same for medicinal purposes," to find him guilty. This was a correct charge and necessarily

embraced the negative, the following properly the indictment. Then with only one intervening clause, the jury are told that "to be authorized to manufacture liquor for medicinal purposes" he must have a permit. In the absence of the affirmative charge requested and refused, the jury may have reasoned: we have been told that if the appellant manufactured the liquor, not for medicinal purposes, he would be guilty, and further, that without a permit he could not manufacture for medicinal purposes, and not having a permit he was therefore manufacturing for some other purpose. The jury might well have reached the conclusion that if he did not have a permit to manufacture he would be guilty under the charge submitted to them.

The constitutional amendment under which the Dean law is enacted (omitting parts not here applicable) reads: "The manufacture . . . of spirituous . . . liquors capable of producing intoxication . . . except for medicinal . . . purposes, is prohibited." Acts 36th Legislature, p. 337. The Dean law is drawn with the purpose of making that amendment effective, but recognizing that intoxicating liquor could be manufactured for certain purposes, it provides in Secs. 7, 8, 9, 10 and 11 the things necessary to be done before this right should be exercised. One of the conditions precedent is securing a permit from the Comptroller of Public Accounts. A. has a right to manufacture liquor for certain purposes after he had secured the permit and complied with the other provisions; but suppose A. proceeds to manufacture the liquor for one of the permitted purposes without the permit. He would not be guilty of manufacturing liquor for an improper purpose, but would come under the ban of the law, and be subject to whatever penalty there might be, if any, for not having secured the permit and complied with the other provisions required. In the present case appellant defended on the ground that he was making the liquor as a medicine for his own use. His testimony and that of other witnesses raised that issue of fact. The appellant seems to have been an old man eighty-eight years old, and the jury might have concluded from the quantity of liquor on hand and in process of making that appellant was attempting at one operation to secure enough of the desired article to last the remainder of his days, or that he was anticipating a severe and long continued illness, or that it was to be used as a beverage and not as medicine. However, the issue was raised, and whether the court or jury believed the testimony or not, the appellant had the right to have it passed upon by the jury under an affirmative charge as requested by him, especially after the court had given the erroneous charge with reference to the permit.

For the error in giving the charge referred to, and the failure to give the special charge requested, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*