## HAROLD CLARK v. THE STATE.

### No. 6709.   Decided January 25, 1922.

**1.—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence was sufficient to support the conviction, there was no reversible error.

**2.—Same—Original Taking—Principal Evidence.**

Where appellant contended that if he had any connection with the offense it was after the property was stolen, but the record on appeal showed that there was evidence which, if believed by the jury, would connect defendant with the taking as a principal in the theft, there was no reversible error.   Following Glasser v. State 233 S. W. Rep., 970.

**3.—Same—Requested Charge—Practice on Appeal—Article 743 C. C. P.**

The statute, Article 743, C. C. P., requires that before the charge is read it shall be presented to counsel for defendant and after examining same he shall present his objection thereto in writing distinctly specifying each ground of objection, and requested charges cannot be reviewed unless they were presented to the trial court before the charge was read to the jury, and where it was not done in the instant case, it cannot be reviewed. Following Salter v. State, 78 Texas Crim. Rep., 325, and other cases.

**4.—Same—Evidence—Confessions—Arrest—Warning.**

Where the defendant's confessions led to the discovery of the alleged stolen property, no warning was necessary.   Following Torrence v. State, 85 Texas Crim. Rep., 310, and other cases.

**5.—Same—Confession—Evidence—Bill of Exceptions.**

Where the bill did not reveal the error, for the reason that concededly a part of the confession testified to by the witness was admissible because from it the finding of the stolen property resulted, and the objection was addressed to the whole and not a part of the testimony, the matter cannot be reviewed; besides, the bill when considered shows no reversible error.

**6.—Same—Jury and Jury Law—Waiver—Selection of Jurors.**

Where defendant complained that a certain juror had not been placed on the list of jurors, but the record on appeal shows that this juror was among those examined and accepted by the parties, and was in no sense disqualified, the failure of defendant to object to empanelling said juror constituted a waiver of his right to do so, and there was no reversible error.   Following Lowe v. State, 88 Texas Crim. Rep., 316.

Appeal from the District Court of El Paso.   Tried below before the Honorable W. D. Howe.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Owen & Bridgers,* for appellant.—On question of court's charge: Stanley v. State, 137 S. W. Rep., 703; Matthews v. State, 155 id., 228; Powers v. State, id., 909.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of confession: Buntain v. State, 15 Texas Crim. App., 485, and cases stated in opinion.

MORROW, Presiding Judge.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

A rehearsal of the testimony is unnecessary, suffice it to say that the theft of the property described in the indictment was proved. There was sufficient evidence of appellant's connection with the theft, both by his own testimony and confession, and by that of others.

From appellant's testimony there is advanced the theory that he was not a party to the original taking of the property; that his connection with it began after it was stolen; and the appeal apparently is based upon the proposition that this affirmative defense of the appellant was not sufficiently brought to the attention of the jury. The appellant is, no doubt, correct in his statement that if he was not connected as a principal offender in the taking of the property, his subsequent acquisition and appropriation of it would not meet the averments in the indictment. Jones v. State, 57 Texas Crim. Rep., 148; Branch's Crim. Law, sec. 472, p. 448; Simpson v. State, 81 Texas Crim. Rep., 389. There is evidence, however, which, if believed by the jury, would connect him with the taking as a principal in the theft. Upon the issue whether he was connected with the original taking, the finding of the jury is binding upon this court. Glasser v. State, 90 Texas Crim. Rep., 116, 233 S. W. Rep., 970, and cases therein referred to.

The efforts of the appellant to have the jury affirmatively instructed that if appellant's relation to the offense was only a receiver of the stolen property, he could not be convicted of theft, do not appear in the record in a manner authorizing the court to consider them.

The paragraph of the statute which requires a charge to the jury also requires that before it is read it shall be presented to counsel for the accused, and after examining same "he shall present his objections thereto in writing, distinctly specifying each ground of objection." See Code of Crim. Proc., Art. 735; also, Art. 737a. In Article 743, it is said: "All objections to the charge, and on account of refusal or modification of special charges shall be made at the time of the trial."

In construing these statutes, the court has uniformly and often held that objections to the charge or to the refusal of special charges cannot be reviewed on appeal unless it appears from the record that they were presented to the trial court before the charge was read to the jury. In the present instance, there are documents in the record purporting to be special charges requested and refused and exceptions to the court's charge. In no instance, however, does it appear in connection therewith that they were presented to the court at the time required by the statutes, that is, at the time of the trial before the charge was read to the jury. We are therefore not authorized to consider them. Salter

v. State, 78 Texas Crim. Rep., 325; Castelberry v. State, 54 Texas Crim. Rep., 271, 228 S. W. Rep., 216, and cases cited therein.

Appellant complains of the admission of his confession which was made while he was under arrest and in which there was a failure to show warning. This is not tenable for the reason that it led to the discovery of the stolen property. Buntain v. State, 15 Texas Crim. Rep., 485; Torrence v. State, 85 Texas Crim. Rep., 310.

Appellant advances the theory that error is disclosed in the bill in that the witness Boswell, from whom the testimony came, gave additional testimony as to appellant's declaration, while under arrest and unwarned, concerning his connection with the theft and that the additional testimony came subsequent to that which resulted in the finding of the stolen property. We do not so understand the bill. On the trial the witness Boswell declared that there had been two conversations with the appellant in the county attorney's office; that in one of them he was silent with reference to his connection with the theft of the car from which the property described in the indictment was taken, and that in the second conversation he disclosed his connection with the car. From the bill, it appears that the witness said that on the first occasion mentioned, appellant stated that he would show the witness where the stolen property was, and that on the second occasion he told him its location and went and showed him where it was. Even if our interpretation of the bill is not accurate, it does not reveal error for the reason that concededly a part of the confession testified to by the witness Boswell was admissible because from it the finding of the stolen property resulted. The objection was addressed to the whole and not to a part of the testimony of the witness. A general objection to the whole of a statement, a part of which is admissible, is not sufficient to bring in review a part of the statement. Branch's Ann. Texas Penal Code, Sec. 211.

A list of the jury empaneled of thirty-three men was submitted to the appellant and the State. The juror Pittman was on what is known as the "interchangeable jury list" and was a juror for the week, regularly drawn from the wheel and in attendance at the time. The jurors, at the request of the court, were placed in regular order and were then individually examined by the attorneys, whereupon peremptory challenges were exercised, after which the clerk was directed to call the names of the first twelve men on the list. Upon doing this in the appellant's presence, the jurors answered to their names, no question was raised as to the identity of any of them. The jury was duly sworn, and after the verdict, for the first time, complaint was made that Pittman served on the jury. Pittman, was, as shown by the bill, a qualified juror, regularly drawn, and while his name was not upon the list of jurors handed to the State and appellant, he was among those examined by them and accepted by them, and was in no sense disqualified. The failure of the appellant to object to empaneling the juror Pittman, in our opinion, constituted a waiver of his right to

do so. The doctrine of waiver applies to the personnel of the jury. Lowe v. State, 88 Texas Crim. Rep., 316; Cyc. of Law & Proc., vol. 24, pages 216 and 322. The jury was empaneled in the presence of the appellant and his counsel. They had before them the list which had been prepared, showing the names of those from whom they were expected to select the jury. They were afforded the opportunity to question each juror with reference to all pertinent matters. The only reason advanced for the complaint of the juror Pittman is that he was not on the list. Under the circumstances, the appellant and his counsel were charged with knowledge of this, and after the verdict could not be heard to complain of it. Cyc. of Law & Proc., vol. 24, page 322. The selection was but an irregularity which could be waived and, in our opinion, under the facts was waived.

The judgment is affirmed.

*Affirmed.*