### E. A. NORMAN v. THE STATE.

No. 6794. Decided April 12, 1922.

#### 1.—Rape—Limitation—Consent—Unchastity—Exception to Court's Charge.

Where, upon trial of rape upon a female under the age of eighteen years, by consent the evidence raised the issue of limitation, and also the prior unchastity of the female, the court should have submitted a requested charge submitting these phases of the evidence, a timely exception to the charge of the court being in the record.

#### 2.—Same—Requested Charges—Rule Stated—Prior Unchastity.

It is indispensible as a predicate for the review by this court of an error assigned because of the refusal to give a special requested instruction, that it be shown in some way that the charge was presented to the court in a timely manner. However, as an objection was lodged in a timely manner for failure to instruct the jury on the issue of limitation and the prior unchastity of the female alleged to have been raped, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Culberson. Tried below before the Honorable W. D. Howe.

Appeal from a conviction of statutory rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*L. A. Dale* and *Ben Palmer,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the offense of rape upon one Hazel Hynson. Punishment, ten years confinement in the penitentiary.

For our opinion on a former appeal of this case see 89 Texas ·Crim. Rep., 330, 230 S. W. Rep., 991.

Article 226, C. C. P., provides that an indictment for the offense of rape may be presented within one year, and not afterwards. The indictment in the instant case was filed April 22, 1920. An act of intercourse occurring before April 22, 1919, would be barred by limitation under the foregoing article. Appellant questions the sufficiency of the evidence to support the conviction, and also directs criticism at the court's charge in some particulars.

Two special charges appear to have been requested seeking pertinently to direct the jury's attention to the principle decided in the case of Cloninger v. State, 237 S. W. Rep., 288, which charges were refused. Nothing appears in the record to indicate that these charges were presented to the court before his main charge was read to the jury. They are simply marked ''refused.'' It is indispensable as a predicate for our review of an error assigned because of the refusal to give a special requested instruction that it be shown in some way that the charge was presented to the court in a timely manner. Clark v. State, 237 S. W. Rep., 260; Salter v. State, 78 Texas Crim. Rep., 325; Castelberry v. State, 88 Texas Crim. Rep., 502, and cases cited therein.

The indictment alleges that the injured female was under the age of eighteen years, and it being a consent case therefore the prosecution is brought within Article 1063 of the Penal Code which makes a defense complete where she was of previous unchaste character if she is between the age of fifteen and eighteen years. Norman v. State, (supra); Cloninger v. State, (supra). The trial judge recognized the principle decided in the Cloninger case by instructing the jury generally that the State had introduced testimony of several acts of intercourse between appellant and prosecutrix, and charging them that under no circumstances could they convict appellant for any such act of intercourse except the first one, and not even upon that unless the jury believe from the evidence that at the time of such act of

intercourse she had never theretofore had intercourse with any man; but in applying the law to the facts the jury were instructed that if at any time after the 22 of April, 1919, appellant had intercourse with prosecutrix, and that at the time of such carnal act she had never had intercourse with any man prior thereto, they would find appellant guilty. It will be observed that in this application of the law the court did not tell the jury that they must believe also that if an act of intercourse occurred after April 22, 1919, that it must have been the first act of intercourse with appellant before a conviction could be had. The questions of limitation and that of prior chastity are so closely connected in the instant case that it will be necessary to discuss them in the same connection.

An objection was lodged in a timely manner for failure to instruct the jury if appellant had sexual intercourse with prosecutrix before April 22, 1919, they could not convict on that act for the reason that said act would be barred by the statute of limitation, and although so barred that it would constitute a defense to any act of sexual intercourse with prosecutrix after said date for the reason that she would not be in contemplation of the rape statute a chaste woman. We are of the opinion the objection is well founded, and the omission having been pertinently pointed out to the court, he should have supplied in some appropriate language a charge presenting the issues suggested in the objection. Our reasons therefor will more pertinently appear as we review the evidence in the record.

At the time the transactions occurred out of which this prosecution grew prosecutrix and her family were living upon premises belonging to appellant. Prior to that time they lived upon property belonging to one Walker. They left Walker's place about the first of April, 1919. The time they arrived upon Norman's premises is important by reason of the events later transpiring. Prosecutrix says they left the Walker place about April 1, spending the first night at Quito, the next night at one Avery's; that they left Avery's place on April 3, and camped in Big Valley two weeks before reaching appellant's premises. According to her testimony this would make it about the 17th of April when they reached appellant's place. She claims that about three days after reaching there, which would make the time about April 20, appellant undertook to have intercourse with her, which she did not permit upon that occasion; but about four days later, which would make April 24, the first act of intercourse occurred; that upon another occasion, some three or four days later she was sent by her mother to a Mexican's house to get some flat irons and was accompanied by appellant, who again had intercourse with her at that time in a vacant house; that the acts of intercourse continued until about the middle of May. The record discloses that a sister of prosecutrix was married to appellant in November 1919, before any of the family knew that prosecutrix was in a family way. Mrs.

Norman's testimony is to the effect that the family left the Walker place on the 6th of April and reached the Norman place on the 16th; that she remembered the incident of her sister and the appellant going after the smoothing irons, and that this occurred on Easter Sunday, which was the 20th day of April. She gives her reasons for knowing that it was on Easter Sunday because they had lost track of the day of the week and were under the impression that it was Saturday, but that a young man who called upon her that day found her ironing and in the discussion which arose by reason of that fact she recalled that it was on a Sunday. In this regard she is supported by the testimony of her mother, who recalled the incident of them getting the day of the week confused in connection with sending prosecutrix and appellant after the smoothing irons. A calendar was introduced in evidence showing that Easter Sunday in 1919 fell upon April 20. A baby was born to prosecutrix on January 2, 1920. The doctor who waited upon her at childbirth testified that to all appearances the child was a normal child who had gone the full period of time, and there was nothing to indicate or suggest a premature birth. If the doctor's testimony may be relied upon the time of conception must have been between March 25th and April 2, 1919. This would show beyond question that the prosecutrix had had carnal knowledge of some one prior to April 22, 1919. The testimony of prosecutrix herself barely brings the first act of intercourse she claims to have had with appellant within the period of limitation. The testimony of her mother and sister together with the introduction of the calendar, in connection with the statement of prosecutrix that she had intercourse with appellant on the occasion of going after the smoothing irons, fixed the date of that act as April 20, 1919, two days beyond the period of limitations. According to prosecutrix, the act on that occasion was not the first, she having testified positively that the first act occurred some four days prior to the smoothing iron transaction. The preponderance of the evidence is to the effect that the first act of intercourse with appellant occurred before April 22, 1919. If this be true, under the rule announced in the Cloninger case (supra) no act occurring after April 22, 1919 would make appellant guilty of the offense of rape, because prosecutrix, after the first act of intercourse would not be a chaste female. We hesitate to reverse a case upon the insufficiency of the evidence unless we feel convinced beyond question that it should be done in the due administration of the law. We realize ordinarily the difficulty of fixing dates of transactions eight or nine months after they have transpired, but if the testimony of the doctor who waited upon prosecutrix at childbirth is not far afield, the time of conception is a circumstance difficult for the State to overcome. What we have said relative to the facts makes pertinent the reason why the court ought to have pointedly told the jury that if prosecutrix had engaged in an act of intercourse with appellant

before April 22, 1919, it would be barred by the statute of limitation and no conviction could be based thereon; and that if such act had taken place before April 22, either with appellant or any other man, she would not thereafter be a chaste female, and therefore appellant could not be convicted for an act of intercourse occurring after April 22, 1919.

.For the reasons stated the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*