Gabriel Horak v. The State.

No. 7363.   Decided October 17, 1923.

1.—Manufacturing Intoxicating Liquor—Medicinal Purposes.

Where, upon trial of manufacturing intoxicating liquor, there was testimony on the part of the defense that defendant made the liquor for medicinal purposes only and requested a charge thereon, which the court refused, the same is reversible error, although defendant admitted that he had no permit to engage in the manufacture of liquor.

2.—Same—Statutes Construed—Permit.

Manifestly, Section B., of the amendment of the Thirty-seventh Legislature does not create the offense of manufacturing, etc., liquor without a permit, as·there is no penalty attached thereto; and under Article 3 of the Penal Code no person in this State can be punished for any act or· omission unless same is made a penal offense and a penalty affixed thereto by the written laws of the State.

3.—Same—Question of Fact—Medicinal Purposes.

Whether the intoxicating liquor is made for medicinal purposes is a question for the jury, and until the Legislature lays down some definition of what it means by the use of the term of exemption, it must be held, where the facts raise an issue, the court should submit the same to the jury, although the State may show that the liquor is not made for medicinal purposes.

Appeal from the District Court of Milam. Tried below before the Honorable John Watson.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, 18 months imprisonment, in the penitentiary.

The opinion states the case.

*B. P. Matocha*, for appellant. On the question of medicinal purposes, Mayo v. State, 92 Texas Crim. Rep., 624, 245 S. W. Rep., 241; Stringer v. State, 241 id., 159.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Milam County of the offense of manufacturing intoxicating liquor, and his punishment fixed at eighteen months in the penitentiary.

As we understand this record it is made to appear without dispute that appellant manufactured the liquor as charged in the indictment. He testified that he made it for medicinal purposes only, and this was his defense. Our Constitution and the statutes enacted in accordance therewith forbid the manufacture of intoxicating liquor

except for medicinal, etc., purposes. Appellant recognized that the burden of bringing himself within one of the exceptions, was on him; and he undertook to do so by testimony, and on the trial, after excepting to the main charge for not submitting the issue that he manufactured the liquor for medicinal purposes, he asked the following special charge:

"Gentlemen of the Jury: You are charged that if you believe from the evidence that the defendant manufactured spirituous liquor capable of producing intoxication, as alleged in the indictment, but you further believe from the evidence beyond a reasonable doubt that he manufactured same for the sole purpose of using same as medicine for himself for the relief of pain in his lungs, then you will acquit the defendant, and so say by your verdict."

This special charge was refused and exception taken. It is urged by the State that such charge is not applicable and that the court should not have instructed the jury with regard to this defensive issue, because appellant admitted on cross-examination that he had no permit to engage in the manufacture of liquor, and it is insisted by the State that hence his claim of manufacture for medicinal purposes—even if believed by the jury—would avail him nothing.

The acts of the thirty-sixth Legislature known as the Dean Law do not make any act penal for lack of a permit. The thirty-seventh Legislature by the terms of Chapter 61, Acts First and Second Called Session, amended Secs. 1 and 2 of the original Dean Law and added certain new Sections. Amended Secs. 1 and 2 forbid the manufacture, etc., of intoxicating liquor and of liquor containing one per cent of alcohol by volume. Section 2a of the amendment provides that it shall not be unlawful for any person to manufacture, etc., such liquor for medicinal, mechanical, scientific or sacramental purposes. Section 2b of said amendment is as follows:

"The manufacture, sale, barter, exchange, transportation, exporting, soliciting, taking orders for, furnishing, and possessing of any of the liquors mentioned in this Chapter, if done for medicinal, mechanical, scientific, or sacramental purposes, and after a permit has been duly authorized and granted by the proper authorities, shall not be punishable under the terms of this Chapter."

Manifestly this section does not create the offense of manufacturing, etc., liquor *without a permit*. If it does, —what is the penalty? Where is the penalty clause? Article 3 of our Penal Code declares that no person in this State shall be punished for any act or omission unless same is made a penal offense and a penalty affixed thereto by the written laws of this State. In the entire body of our law including the Dean Act and the amendment of the Thirty-seventh Legislature referred to, we confess our inability to find any written statute making it penal, or fixing the punishment for the manufacture of intoxicating liquor without a permit. Sec. 2b above quoted is

merely negative and cannot in any sense be held to be an affirmative enactment making such manufacture without a permit, punishable either as a misdemeanor or a felony. The insertion therein of the words "and after a permit has been duly authorized and granted" etc., amounts to nothing, and cannot be held to justify a prosecution for such manufacture without a permit, in view of the fact that no where else can there be found any statute forbidding under pains and penalties such manufacture without first obtaining such permit.

Whether the liquor in question was in fact made for medicinal purposes, must be settled by the jury under the facts of the case. The Legislature has not seen fit to define what is meant by "medicinal purposes" as expressed in the constitutional amendment or any of the statutes putting same into force. We take it that the State is not bound to accept as true the claim of one who makes liquor and says that it is so made for medicinal purposes, and that in any such case the State would be justified before the jury in contesting such claim and introducing proof of the fact that no existing illness is shown and that no satisfactory proof is made of the fact that such making was for medicinal purposes; nor would the jury be bound by any such claim unless same was supported by satisfactory evidence. However, until the Legislature lays down some definition of what it means by the use of the terms of exemption set out in the statute, we are compelled to hold that in a case whose facts raise the issue, the court should submit same to the jury, and that upon the court's refusal to do so this court must reverse.

We are not in accord with the other contentions made on behalf of appellant but for the refusal of the special charge mentioned the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*