### Roland Treglude v. The State.

No. 7932.   Decided December 5, 1923.

**Manufacturing Liquor—Charge of Court—Medicinal Purposes.**

Where, upon trial of manufacturing spirituous liquor containing more than one per cent of alcohol, the defendant testified that he intended to use the liquor for medicinal purposes and had been so advised by physicians, and the court instructed the jury that they could only consider this testimony in mitigation of any penalites that they might impose, and defendant requested a charge that if they had a reasonable doubt that said liquor was used for medicinal purposes to acquit the defendant, the same is reversible error.

Appeal from the District Court of Wichita.   Tried below before the Honorable P. A. Martin.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

*Fisher & Fisher* and *Davenport, Cummings & Thornton,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, Judge.—Conviction is for manufacturing spirituous liquor containing more than one per cent of alcohol.   Punishment, confinement in the penitentiary one year.

The court charged the jury as follows:

"The defendant in this case has testified in effect that the liquor manufactured by him was not made for the purpose of sale, that it was his intention to use the same only for medicinal purposes, and that he had been advised by physicians to use it for that purpose.   Now, you are instructed that you can only consider this

testimony in mitigation of such penalty as you may impose upon the defendant, if you find him guilty, and not as a defense as under our law intoxicating liquor can not be legally manufactured in this state, for any purpose, without a permit from the Comptroller of Public accounts.''

Timely exception was reserved to this charge, and a special charge in lieu thereof requested which reads:

''That if you believe from the evidence that the defendant manufactured said liquor for medicinal purposes only or if you have a reasonable doubt as to that effect you will acquit him and say by your verdict not guilty.''

The court committed error in charging as he did. The special charge contained the law and should have been given. Burciago v. State, 88 Texas Crim. Rep., 576, 228 S. W. Rep., 228; Mayo v. State, 92 Texas Crim. Rep., 624, 245 S. W. Rep., 241; Ellis v. State, 93 Texas Crim. Rep., 93, 247 S. W. Rep., 509; Tonnahill v. State, 94 Texas Crim. Rep., 359, 250 S. W. Rep., 1029. (See also Horak v. State, number 7363, opinion October 17th, 1923, not yet officially reported.)

Upon the authorities cited our state's attorney has correctly confessed error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*