E. S. Edge v. The State.

No. 9062.    Delivered May 13, 1925.

Rehearing Denied October 14, 1925.

1.—Possession of Mash—Judgment—Reformed.

Where a general verdict is returned, under an indictment containing several counts, but one of which is submitted in the charge, the verdict will be referred to the count submitted. The judgment herein, not conforming to the verdict, is reformed to condemn defendant to be guilty of possessing mash for the purpose of manufacturing intoxicating liquor. See Parks v. State, 29 Tex. Crim. App. 597 and other cases cited.

2.—Same—Requested Charges—Not Properly Indorsed—Cannot be Considered.

Where special charges requested are not properly indorsed showing at what time they were presented to the trial judge, and no formal bills of exception are preserved giving information on this point, they cannot be considered by this court.

3.—Same—Bills of Exception—Incomplete—Not Considered.

Where bills of exception which complain of the reception of evidence, do not set out the surrounding facts, showing the connection in which the matters complained of came into the case, and the things complained of are stated as grounds of objection only, they cannot be considered. The mere stating of the grounds of objection, is not a certificate of the truth of the matters upon which the objections appear to be based. See Sec. 209, Branch's Ann. P. C., for collated authorities.

4.—Same—Liquor Laws—Held Valid.

The validity of the liquor laws of this state, and of Sec. 2 b, chap. 61, 1st C. S. 37th Legislature has many times been sustained by this court, and appellant's contention that same are invalid, cannot be agreed to by us. Following Burciago v. The State, 88 Tex. Crim. Rep. 576 and other cases cited.

ON REHEARING.

5.—Same—Evidence Held Sufficient.

Where the evidence discloses that there was found on appellant's premises, not far from his house, two barrels of mash, a furnace, buckets, a pot which fitted the furnace, a flake stand, a thump keg, a breaking jar, all in a thicket near a pool of water, that appellant was in possession of this mash, and all of the paraphernalia used in converting such mash into whisky, we are constrained to hold that the jury was warranted in finding him guilty, as charged.

Appeal from the District Court of Titus County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for possessing mash for the purpose of manufacturing intoxicating liquor, penalty one year in the state penitentiary.

The opinion states the case.

*Seb F. Caldwell,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant Attorney, for the State.

HAWKINS, JUDGE.—The indictment contained three counts. The first charged possession of mash for the purpose of manufacturing intoxicating liquor, the second, the manufacture of such liquor, the third, possession of a still, equipment, supplies, etc., for the purpose of manufacture. The first count only was submitted. Defendant was convicted, his punishment being assessed at one year in the penitentiary.

The verdict was general. The first count only being submitted the verdict will be referred to that count. Parks v. State, 29 Tex. Cr. App. 597; 16 S. W. 532; Copello v. State, 95 Tex. Cr. R. 306; 254 S. W. 973; Wright v. State, 266 S. W. 783. The sentence followed the verdict, but the judgment recited that defendant was adjudged guilty of the "offense of possessing mash and making liquor, etc." The judgment is reformed to condemn defendant to be guilty of possessing mash for the purpose of manufacturing intoxicating liquor.

The officers went to defendant's premises and some two or three hundred yards from his house found some barrels of mash and a number of other articles of equipment suitable for the manufacture of whiskey. It showed signs of having been used. The mash had reached that stage where it was about ready to be "cooked off." A path was found leading from the point where the equipment was discovered to defendant's house. We think it unnecessary to further state in detail the evidence. It was sufficient to support the verdict.

The special charges requested and refused can not be considered. We find no notation on them advising this court at what time they were presented to the trial judge, neither are there formal bills of exception giving information upon this point. (Clark v. State, 90 Tex. Crim. Rep. 613, 237 S. W. 260, and cases therein cited.)

There are three bills of exception in the record, all of which complain of the reception in evidence of certain testimony. We regret that the bills are not sufficiently full to authorize their consideration. No facts are stated showing the connection in which the evidence came into the case, and the things complained of are stated as grounds of objection only. This is not a certificate of the truth of the matters upon which the objections appear to be based. (See Sec. 209, Branch's Ann. P. C. for collated authorities.)

Defendant attacks the validity of the entire group of prohibitory laws relative to intoxicating liquor based upon the wording of Sec. 2b, chapter 61, 1st C. S., 37th Legislature, which reads as follows:

"The manufacture, sale, barter, exchange, transportation, exporting, soliciting, taking orders for, furnishing, and possessing of any of the liquors mentioned in this Chapter if done for medicinal, mechanical, scientific, or sacramental purposes, *and after a permit has been duly authorized and granted by the proper authorities,* shall not be punishable under the terms of this Chapter."

We have italicised that portion of the section just quoted upon which defendant's contention appears to be based. Defendant urges that because the legislature inserted in Sec. 2d the words, "and after a permit has been duly authorized and granted by the proper authorities," it sought to place an undue restriction upon the constitutional provision under which these laws were enacted, and that such act of the legislature rendered inoperative all of the laws relative to the subject. We are not in accord with defendant's position upon this point. it has been held in a number of cases that if a party is manufacturing, selling, transporting, or otherwise dealing with intoxicating liquor, for one of the purposes excepted by the constitution, (to-wit: medicinal, mechanical, scientific or sacramental) he would not be guilty of a violation of the law, even though he had no permit authorizing his act. Burciago v. State, 88 Tex. Cr. R. 576, 228 S. W. 562; Horak v. State, 95 Tex. Cr. R. 474, 255 S. W. 191; Treglude v. State, 256 S. W. 276, and cases therein cited.

We find no error in the record which would authorize a reversal of the judgment, and as reformed as heretofore indicated, the judgment is ordered affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—State witnesses swore positively to finding on appellant's premises, and not far from his house, two barrels of mash such as whisky is made from; that this mash was ready to be converted into whisky. Near the mash were found a furnace, buckets, a pot which fit the furance, a flake stand, a thump keg, a breaking jar, etc. The use of each of these in the operation of manufacturing whiskey was explained. The mash and paraphernalia were near a pool of water and a thicket. Proof showing appellant in possession of mash both able and read to be converted into whisky, and also of most, if not all, of the paraphernalia used in converting such mash into whisky, would seem enough to justify the jury in concluding that he possessed mash for the purpose of making same into intoxicating liquor.

In a lengthy argument appellant attacks the constitutionality of the law under which the conviction was had. In the absence of some constitutional inhibition our legislature would seem to have the power to enact the statute in question. We know of no such inhibition and none is pointed out.

The motion for rehearing will be overruled.

*Overruled.*