## WEAR v. STATE.   (No. 10063.)

(Court of Criminal Appeals of Texas.   April 7, 1926.   Rehearing Denied May 26, 1926.)

1. Criminal law ☞1086(14)—Refusal of special charges, not shown to have been offered before court's main charge, is not reviewable on appeal.

Refusal of special charges, not shown by bills of exceptions or by themselves to have been offered before reading of court's main charge, is not reviewable on appeal.

2. Criminal law ☞1105(1)—Stenographer's transcript of testimony, taken on defendant's motion for new trial, not authenticated by judge, will not be considered in reviewing refusal to grant new trial.

Stenographer's transcript of testimony of jurors, given on defendant's motion for new trial, not authenticated by certificate of trial judge, will not be considered in reviewing refusal to grant new trial for misconduct of jurors.

3. Criminal law ☞1114(2)—Bills of exception failing to set out facts enabling Court of Criminal Appeals to determine question sought to be presented will not be considered on appeal.

Bills of exception failing to set out facts enabling Court of Criminal Appeals to determine question sought to be presented will not be considered on appeal.

4. Criminal law ☞1091(11).

Bill of exceptions in question and answer form will not be considered on appeal.

5. Criminal law ☞396(2)—Testimony on redirect examination as to what witness actually saw on occasion inquired into by defendant held properly admitted (Vernon's Ann. Code Cr. Proc. 1916, art. 811).

Where witness denied having told defendant charged with aggravated assault that he did not see the fight on being questioned by defend-

ant's counsel, witness' testimony on redirect examination as to what he actually did see on occasion inquired into *held* properly admitted, under Vernon's Ann. Code Cr. Proc. 1916, art. 811.

### On Motion for Rehearing.

6. **Criminal law** ⚙️**1092(14)—Complaint for misconduct of jury, to be reviewable, requires evidence of what occurred to be brought up by bill of exception or statement of facts verified by trial judge.**

For complaint of misconduct of jury to be reviewable, evidence of what occurred must be brought before Court of Criminal Appeals either by incorporating evidence on question in bill of exception or bringing forward statement of facts proven upon the issue, verified by approval of trial judge.

7. **Criminal law** ⚙️**1119(2)—Bills of exception to state's attorney's question of defendant whether other witnesses were wrong about defendant's version of facts, without stating what other witnesses had testified, held not harmful error.**

Bills of exception to question by state's attorney of defendant whether other witnesses were wrong about facts testified to by defendant, without stating what other witnesses had testified on particular points, *held* not sufficiently full to show harmful error by abuse of rules of cross-examination.

Commissioners' Decision.

Appeal from Travis County Court; G. S. Matthews, Judge.

John S. Wear was convicted of aggravated assault, and he appeals. Affirmed.

Dickens & Dickens, of Austin, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BERRY, J. The offense is aggravated assault, and the punishment is a fine of $400 and 30 days in jail.

[1] There is copied in the transcript various special charges offered by the appellant. These special charges fail to show that they were offered before the court's main charge was read to the jury, and there are no bills of exceptions contained in the record showing this fact. In the absence of a showing to this effect, the action of the court in refusing such special charges will not be reviewed. Nichols v. State, 91 Tex. Cr. R. 277, 238 S. W. 232.

[2] Appellant complains at the court's action in refusing him a new trial on account of the misconduct of the jury. There is copied in the transcript a paper that is styled the stenographer's transcript of the testimony given by the jurors on the hearing of defendant's motion for a new trial, but there is not attached to this testimony any certificate of the judge authenticating the same,

and, in the absence of such certificate, same will not be considered.

[3] Bills 2 and 3 complain at the court's action in permitting the private prosecutor to ask the defendant while on the witness stand certain questions on cross-examination. These bills fail to set out any facts which would enable this court to determine the question sought to be presented.

[4] Bill No. 4 is in question and answer form, and for that reason will not be considered. Robbins v. State, 100 Tex. Cr. R. 592, 272 S. W. 176; Ham v. State (Tex. Cr. App.) 277 S. W. 653.

[5] By bill of exceptions No. 5, it is shown that counsel for the defendant asked the witness Johnson if he did not tell the defendant at the police station on the Monday following this fight that he did not even see the fight. The witness answered this question in the negative, whereupon the witness on redirect examination was permitted to testify as to just what he did say to the defendant at the station at the time inquired about by defendant's counsel. The objection to this testimony was that same was a conclusion of the witness and simply his opinion. We think appellant's objections to this testimony were properly overruled. He had gone into this conversation himself by making inquiry as to the same, and it was the right of the state to prove the conversation that actually took place. Article 811, Vernon's C. C. P. 1916.

The other matters complained of, we think, present no reversible error, and, the evidence being entirely sufficient to support the verdict, the judgment is in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

HAWKINS, J. [6] Where complaint is made of alleged misconduct of the jury, it is manifest that evidence of what occurred must in some way be brought before this court before the question can be reviewed. This may be accomplished either by incorporating the evidence upon the question in a bill of exception or by bringing forward a statement of the facts proven upon the issue, but before either the bill or statement of facts may be considered it must be verified by the approval of the trial judge. In the present case appellant attempts to bring the evidence forward by a statement of facts. It appears to be certified by the court reporter, but bears neither the signatures of the attorneys nor that of the trial judge. Lacking approval of the latter, it is not authenticated in such manner as warrants its consideration.

[7] Bills 2, 3, and 4 complain because at-

torney for the state after hearing appellant's version of certain things, asked him if other witnesses were wrong about it. The bills do not state what the other witnesses had testified on the particular points inquired about, and in this respect are not sufficiently full to manifest such infraction of the rules of cross-examination as to show harmful error.

Some 13 special charges were requested by appellant. He makes serious complaint because they were not considered. Complaint of refusal to give them is not brought forward by separate bills of exception. We have held this not to be necessary when the special charges themselves show they were presented to the court before the main charge was read, were refused, and exception reserved to such refusal. The special charges here are simply marked "Refused." If exception to this action was taken, the charges do not show by any notation on them, neither do they show when they were presented to the court. There should be no further confusion on this subject in view of the following decisions: Clark v. State, 90 Tex. Cr. R. 613, 237 S. W. 260; Edge v. State, 101 Tex. Cr. R. 324, 275 S. W. 1010; Nichols v. State, 91 Tex. Cr. R. 277, 238 S. W. 232; Norman v. State, 91 Tex. Cr. R. 486, 239 S. W. 976; Crane v. State, 91 Tex. Cr. R. 304, 240 S. W. 920; Cecil v. State, 92 Tex. Cr. R. 359, 243 S. W. 988; Bland v. State, 92 Tex. Cr. R. 636, 244 S. W. 1023; Linder v. State, 94 Tex. Cr. R. 316, 250 S. W. 703; Cunningham v. State. 97 Tex. Cr. R. 624, 262 S. W. 491.

The motion for rehearing is overruled.