JACK CELESTE V. THE STATE.

No. 10592.   Delivered May 11, 1927.

Rehearing denied June 15, 1927.

1.— Assault to Murder — Continuance — No Diligence Shown — Properly Refused.

Where on a trial for an assault to murder, appellant moved for a continuance on account of the absence of three witnesses, one of whom appeared and testified, the other two not being served with process and no proper diligence used to secure their testimony, the motion was properly overruled.

2.—Same—Evidence—Of Co-Defendant—Properly Received.

There was no error in receiving the testimony of the witness Ford on behalf of the state, said witness having plead guilty to the same offense, and been given five years with a suspended sentence.

3.—Same—Bills of Exception—In Question and Answer Form—Cannot Be Considered.

Where bills of exception are in question and answer form, and contain remarks of court and attorneys, they contravene the statutes of this state and cannot be considered. Following Broussard v. State, 271 S. W. 385, and other cases cited.

4.—Same—Requested Charges—Bills of Exception—Incomplete—No Error Shown.

Where appellant complains of the court's refusal to give requested

charges and neither the special charges nor the bills of exception relating thereto show that they were presented at the time required by law, no error is shown. Following Clark v. State, 237 S. W. 260, and Edge v. State, 275 S. W. 1010.

**5.—Same—Sentence Reformed.**

The sentence in this case not being in conformity with our indeterminate sentence law, is now reformed to read that appellant is sentenced for not less than two nor more than seven years in the penitentiary.

ON REHEARING.

**6.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception complaining of the admission of certain testimony does not show that the testimony was given on the present trial, nor in what way it was not relevant or material, such bill is incomplete, and fails to show facts upon which error would necessarily be inferred.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for an assault to murder, penalty seven years in the penitentiary.

The opinion states the case.

*Tom Stephenson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of assault with intent to murder, and his punishment assessed at seven years in the penitentiary.

The appellant was jointly indicted with John Celeste, Joe Celeste and Jimmie Ford for an assault with intent to murder upon one George Puccio on or about April 16, 1926. Under a severance, appellant was placed upon trial alone.

The record discloses that the injured party was a merchant; that on the night of the alleged offense Jimmie Ford, at the request of his companions, went into the prosecuting witness' store and bought a package of cigarettes, giving the prosecuting witness a dollar bill in payment thereof; that while the prosecuting witness was at the cash drawer getting change, appellant ran into the store, armed with a pistol; that the prosecuting witness called for his father, who appears to have been asleep in another room, whereupon appellant shot the witness twice. Jimmie Ford testified for the state to the effect that when

appellant fired, all of the parties ran out of the store, got in appellant's automobile and drove away; and that when he asked appellant why he shot the prosecuting witness, appellant stated it was on account of the witness "hollering on him," stating further that he told the prosecuting witness four times "not to holler."

The record discloses that Ford entered a plea of guilty to assault with intent to murder and his punishment was assessed at five years in the penitentiary, with a suspension of sentence.

While the appellant failed to testify, he defended upon the ground of an alibi.

We find in the record what purports to be a bill of exception complaining of the refusal of the court to grant appellant's application for continuance for the want of the testimony of Douglas Phillips, who appeared and testified on the trial; a Mr. Honeycutt, and Maggie Revier. As to the other witnesses, while the bill is very indefinite and uncertain, it appears that they were not served with process and that no proper diligence was used to secure their testimony.

We also find in the record what purports to be a motion by appellant to strike from the record the testimony of the witness Ford. The motion alleges that Ford, by entering a plea of guilty connected himself with the offense as a principal and co-conspirator, and that by reason of the jury having recommended a suspended sentence, this was equivalent to an acquittal, which rendered his testimony inadmissible against the other co-conspirators. There is no merit in said motion, and the court did not err in overruling it.

Bills of exception 1, 2, 3, 4, 5, 6, 7, 8 and 9 are in question and answer form and contain the remarks of the court and attorneys, thus contravening the statutes of this state and decisions of this court which require bills of exception to be in narrative form. For that reason we are unauthorized to consider these bills. Broussard v. State, 271 S. W. 385; Robbins v. State, 272 S. W. 176; Panyon v. State, 275 S. W. 1076; Horn v. State, 277 S. W. 653.

In bill No. 10 appellant complains of the refusal of the court to instruct a verdict of not guilty because of the alleged failure of the state to prove any motive for the commission of the offense except by remote inference. This bill presents no error.

In bills 11 and 12 complaint is made to the court's refusal to give appellant's special charges to the jury. Neither the special charges nor the bills of exception relative thereto show that said charges were presented at the time required by law and prior

to the time when the court read his general charge to the jury, in the absence of which showing this court is unauthorized to consider same. Clark v. State, 237 S. W. 260; Edge v. State, 275 S. W. 1010.

The record discloses that the sentence in this case is not in conformity to the indeterminate sentence law, and it is here and now reformed so as to read that the appellant is sentenced for not less than two nor more than seven years in the penitentiary.

Finding no reversible error in the record, the judgment of the trial court, as reformed, is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., not sitting.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant insists that bill of exceptions No. 8 should have been considered as it reveals reversible error. The following is a substantial synopsis of the bill: While the witness Griggs was upon the stand, he testified that he knew Jack Celeste and saw him on the 14th day of April "when he came in the store." There was an old man sitting on the ice box and Celeste said: "Old man, give me your money." The old man replied: "I ain't got no money; I am a poor old cripple man." The witness was looking at a piece of paper, and upon looking up, he observed the appellant with a mask on his face. He heard him call to his brother: "Come in, Joe, and search him." Joe came in and searched the old man. The witness saw just one man doing the searching. Neither the appellant nor his brother saw the witness while they were searching the old man. Objection to the testimony was made upon the ground that it tended to connect the appellant with a contemporaneous crime; that it shed no light on the case upon the trial; that it related to past events and was calculated to prejudice the accused. It is not made clear from the bill whether or not the transaction was the same as that in which the assault was made and upon which the prosecution is based. It is stated in the bill that the "testimony tends to connect the defendant with contemporaneous crime." If it was contemporaneous, it may have been res gestae, and it may have shed light upon the identity of the appellant. The bill fails

to give the information that would be essential to enable this court to determine either that the testimony was inadmissible or that it was harmful error. So far as shown by the bill, the testimony may have been relevant as rebutting some issue raised by the testimony of the appellant's witnesses. At any event, the bill fails to show error or facts upon which error would necessarily be inferred.

The motion is overruled.                          *Overruled.*