### ELLIOTT v. STATE.
No. 14996.

Court of Criminal Appeals of Texas.
March 16, 1932.

Rehearing Denied May 18, 1932.

Baker & Baker, of Coleman, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for eighteen months.

A former appeal is found reported in 36 S.W.(2d) 513.

Brand, the alleged purchaser, testified that on a certain day he purchased a pint of whisky from appellant, who conducted a tourist camp. He said he was a deputy sheriff at the time. Testifying in his own behalf, appellant denied the sale. He said that he was visited by Brand, who claimed that due to the sickness of his wife, he was greatly in need of whisky, and was informed by appellant that he had none. He further testified that one Tomlin gave him (appellant) a pint of whisky, which he handed to Brand. He said he received no money for the whisky. Tomlin and his wife corroborated appellant's version of the transaction. In rebuttal, Brand testified that he gave no reason for wanting the whisky when he purchased it from appellant, and said, in effect, that he merely told appellant that he desired to purchase the whisky, and paid him $2.50 for it.

■ Bill of exception No. 1 presents the following occurrence: Appellant had been formerly tried on the identical charge involved here, and convicted, and upon appeal to this court the judgment was reversed. The district attorney, in examining the jury upon their voir dire, said, "I don't suppose that any of you jurors sat as a juror in the former trial of this case." Appellant objected to the statement of the district attorney on the ground that it carried the information to the jury that he had been formerly tried. In reply to the objection, the district attorney said: "I said those two men said they had been in the courtroom during the former trial. Have any of you sat in the case in a former trial where anyone was on trial?" The court remarked, in the presence of the jury: "All right it could not have hurt anything in view of the fact that the matter had already been mentioned by two jurors prior to this." Appellant objected to the statement of the district attorney, as well as to the remark of the court, on the ground that said statements were prejudicial to his rights. The bill of exception fails to show that the district attorney advised the jury as to the result of the former trial. It does not appear that the jury learned from the proceedings complained of that appellant had been convicted upon his former trial. As far as the bill reflects the matter, the idea alone that appellant had been tried was conveyed to the jury. In the absence of information on the part of the jury panel that appellant had been convicted on his former trial, we are unable to reach the conclusion that knowledge alone on the part of the jury that he had been formerly tried could have prejudiced appellant. On the contrary, the jury might have concluded that the jury on the previous trial were unable to agree that appellant was guilty.

■ Bill of exception No. 2 presents the following occurrence: J. E. Brand, state's witness, testified on direct examination that he bought a pint of whisky from appellant and paid him $2.50 for it. This witness was a deputy sheriff at the time of the alleged purchase. On cross-examination by appellant's counsel, the witness was asked "if he did not know how much he got for his services in acting as an under-cover man at the time inquired about and at the times he tes-

tified to purchasing the whisky in question from this defendant." In answer to the question the witness said: "There were four or five cases and I got six dollars and five cents altogether." Upon objection by the district attorney, the court instructed the jury not to consider the answer of the witness. Appellant objected to the action of the court in withdrawing the testimony on the ground that the statement of the witness showed the motive which prompted him to testify against appellant. It is not clear that the answer of the witness was not calculated to prejudice appellant. The question by appellant's counsel related to purchases made from appellant. The answer of the witness indicated that there were four or five cases against appellant, and that he had gotten $6.05 altogether in these cases. Why appellant wanted to advise the jury that there were other cases pending against him we are unable to perceive. In any event, it appears that appellant was permitted to question the witness fully concerning the matter. The court, in his qualification to the bill of exceptions, refers to the statement of facts. We quote the testimony of the witness Brand, found on page 3 of the statement of facts as follows: "I did not have an understanding at that time that I was to get so much out of each prosecution that I instituted. I had no arrangements about that. I really did expect to get the arrest fees if I made the arrest. I did not figure that, I would get any bonus. There was nothing said to me that I would get something else on conviction. I was not to get the witness fees. I was not. I do not know just what I recovered out of this, but I guess about $1.25 (one dollar and twenty-five cents) is what I got out of it. I cannot tell you just how much I got out of this case but I would estimate it at about $1.25. I am not expecting anything else from it from any other source. I did not have any arrangement that I was to get anything out of each conviction. I was not acting 'under cover' at that time. I was not acting as a stool pigeon at that time."

We are unable to reach the conclusion that the matter presents reversible error.

■ Bill of exception No. 3 brings forward an objection to the testimony of the witness Brand to the effect that he was an officer at the time of the alleged purchase of whisky, and was sworn to discharge the duties of his office. We see nothing improper in the testimony. It may be added that the court sustained appellant's objection, and withdrew the testimony from the jury.

■ As shown in bill of exception No. 4, the witness Brand testified that he delivered the whisky he bought to the county attorney, without labeling the bottle. The county at-

torney then labeled the bottle. The bottle was brought into the courtroom with a label on it, and Brand was questioned as to whether that was the liquor he purchased from appellant. It does not appear that the whisky was offered in evidence, but the bottle with the label on it was exhibited in the presence of the jury. Appellant objected to the testimony concerning the delivery of the whisky to the county attorney on the ground that he was not present when the whisky was delivered or when the bottle was labeled. The objection was overruled. Later, the court withdrew the testimony from the jury. The state had the right to introduce the whisky in evidence after it was properly identified. It is not necessary to decide whether it was proper to admit the bottle with the label on it. Appellant did not deny that he delivered the whisky to Brand. The sole question was: Did he sell it to Brand under the conditions shown by the state's testimony? The bill does not show what was on the label. We are constrained to the view that the bill of exception fails to manifest reversible error.

[6] It is shown in bill of exception No. 6 that upon cross-examination appellant was required to testify, over his objection, that at the time of the alleged sale of whisky to Brand there were two or three drug stores in Santa Anna three-fourths of a mile away from appellant's place of business, and that he did not suggest to Brand that there were drug stores in Santa Anna where he could obtain prescription whisky. It was appellant's contention, given support in the testimony, that he gave the whisky to Brand for medicinal purposes. While appellant did not have to have a permit either to sell or give whisky to the witness for medicinal purposes, it was proper for the state to prove by him that there were some drug stores in the vicinity selling prescription whisky, and that he did not advise Brand of such fact. His testimony on this point was relevant on the question of the purpose for which the liquor was sold. It appears that appellant did not know the witness Brand. Brand being unknown to appellant, and appellant having failed to advise him where he could secure prescription whisky, the state might well argue that, upon the issue as to whether the liquor was sold for medicinal purposes, the testimony in question was persuasive that appellant's version was not true. Burciago v. State, 88 Tex. Cr. R. 576, 228 S. W. 562.

Failing to find reversible error, the judgment is affirmed.

### PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

HAWKINS, J.

In his motion for rehearing appellant insists that this court was in error in the disposition made of each bill of exception urged on original submission.

In regard to bill No. 2, considering the question of appellant's counsel in connection with the answer of the witness Brand, made the answer subject to an inference by the jury that the "four or five cases" referred to by Brand might all have been against appellant. The withdrawal of the answer appears more in favor of than against appellant. This court cannot go into a matter of speculation as to the reasons prompting the district attorney to object to the answer, nor those of the court in ruling on the matter. The thing that concerns us is to determine the best we may whether the result of the ruling injured appellant.·

We have again examined each and every one of the bills of exception (including Nos. 5 and 8, not discussed in our original opinion) in connection with the written argument filed in support of the motion for rehearing, and are confirmed in the views heretofore expressed that no reversible error appears. A further discussion of the questions raised would unnecessarily extend the opinion.

The motion for rehearing is overruled.