## JEFF GILES v. THE STATE.

### No. 2488. Decided March 19, 1902.

**1.—Evidence—Testimony of Defendant Before Grand Jury.**

On a trial for murder, the testimony of defendant in his examination as a witness before the grand jury was properly admitted in evidence and was not objectionable as being an unauthorized violation of the secrets of the grand jury. Following Wisdom v. State, 42 Texas Criminal Reports, 579.

**2.—Same—Introduction of Part of the Written Testimony.**

Under article 791, Code of Criminal Procedure, it is competent for a party to introduce any part of a writing that he may see fit, regardless of whether it contains a part or the whole of a sentence, the adverse party having the right to introduce the remainder if he so desires.

**3.—Murder—Accomplice Witness—Charge.**

A witness, to be an accomplice to a crime under our statute, must not only be implicated in the crime itself, but the testimony must tend at least to show that he was acting with the party on trial against whom he testified; and unless such is his attitude in the case, the court is not required to charge the law of accomplice testimony as to his evidence.

**4.—Murder—Adultery with Wife—Charge.**

On a trial for murder, where the defense was that defendant caught his wife and her paramour in bed, and in shooting at the paramour accidentally killed his wife, and the court, in instructing as to defendant's rights under article 672, Penal Code, coupled his instruction with this language, viz: "That if defendant caught B. and his wife in adultery, and he attempted to kill B., and accidentally shot his wife, he would be justified, provided the jury believed the house where the homicide occurred was a decent house or defendant believed it

was." Held, erroneous. The statute makes no exception in favor of one place or another, but includes all alike, and affords no immunity to one who debauches another's wife at a house of ill fame or an assignation house.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. Chas. F. Clint.

Appeal from a conviction of murder in the second degree; penalty, twenty-five years imprisonment in the penitentiary.

Appellant was charged by the indictment with the murder of Henrietta Giles (his wife), on April 6, 1901, by shooting her with a gun.

Defendant and his wife had separated, and he had frequently threatened that he would kill her if she did not return and live with him. She was rooming at the boarding house of one Laura Ross, which, as far as the record shows, was a respectable house.

Defendant's testimony taken before the grand jury, and which was introduced in evidence on the trial, was as follows: "My name is Jeff Giles. On the night of April 6, 1901, about 3 a. m. at the house of Laura Ross, on the corner of Young and Jefferson streets, I entered the house from the rear and passed through the kitchen and door to the room that my wife was in, which was locked. I pulled the door open and struck a match, and saw Henrietta Giles and Luther Bruce in bed together. Luther Bruce got up out of bed and slipped behind the bed down towards the door opening on the alley. Henrietta then sprang out of the bed standing facing me, and spoke, saying, 'Giles,' and at this time Luther Bruce fired a pistol, discharging it twice. Henrietta said, 'I am shot to death.' Then I went back through the kitchen out of the back door; and as I slipped off the back gallery, Luther Bruce commenced shooting at me, firing three shots. I ran down Young street towards the river and Luther Bruce was following me," etc.

This testimony was directly contradicted, as to the presence of Luther Bruce at the house when the killing occurred that night, by several witnesses. All the other witnesses testified to hearing but two shots that night.

No briefs for either party have come to the hand of the Reporter.

*Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of twenty-five years.

During the trial of the case the State introduced a part of the testimony or examination of defendant taken before the grand jury, the portion of said examination being as follows: "My name is Jeff Giles. On the night of April 6, 1901, about 3 a. m., at the house of Laura Ross, at the corner of Young and Jefferson streets, I entered the house from the rear, passed through the kitchen, and the door to the room that my wife was in was locked. I pulled the door open and struck a

match, and saw Henrietta Giles." The bill further shows that imme-
diately following, and as a part of the sentence in said examination,
occurred the following language: "And Luther Bruce in bed together."
The last portion of said examination, however, was not introduced. Ap-
pellant objected to the introduction of any of said examination taken
before the grand jury, on the ground that it was an unauthorized viola-
tion of the secrets of the grand jury; and a violation of the oath of the
grand jurors and of the witnesses before the grand jury, which required
them to keep secret the proceedings of the grand jury, except as to the
truth of falsity of the testimony given before said grand jury. The
court properly overruled this objection, under the rule laid down in
Wisdom v. State, 42 Texas Criminal Reports, 579, 2 Texas Court Re-
porter, 226, which case overturns several former decisions of this court
on the subject. Appellant also objected to the introduction of a part
of said testimony, claiming that it was not competent for the State to
cut a sentence of appellant's examination in two. It seems to be com-
petent, under article 791, Code of Criminal Procedure, for a party to in-
troduce any part of a writing that he may see fit, regardless of whether
it contains a part or the whole of a sentence; and it is then competent
for the other party, if he so desires (as was done in this case), to in-
troduce the remainder. Early v. State, 9 Texas Crim. App., 477. Ap-
pellant excepted to the failure and refusal of the court to give a charge
on accomplice testimony as applied to the evidence of Luther Bruce,
who was introduced by the State, claiming the testimony tended to
show that said witness was an accomplice, and that his testimony was
material and important as against appellant. The theory of the State
was that appellant, because he believed that his wife was guilty of
illicit intercourse with Luther Bruce, went to the room where his wife
was sleeping, and, in the absence of Luther Bruce, killed her. Appel-
lant's theory, as predicated upon some testimony introduced by him,
was to the effect that he went to the room where his wife was and found
her in bed with Luther Bruce, and that Luther Bruce began to shoot at
him and accidentally shot and killed appellant's wife. This evidence
does not show any complicity between appellant and Luther Bruce in the
commission of the offense. And as we understand the rule, the witness
to be an accomplice under out statute must not only be implicated in
the crime itself, but the testimony must tend at least to show that he
was acting in concert with the party on trial, against whom he testi-
fied. Phillips v. State, 17 Texas Crim. App., 169; Am. and Eng.
Enc. of Law, 2 ed., p. 289 et seq. In this case the parties were no more
accomplices, under our statute requiring them to be corroborated as
witnesses, than if they had engaged in a street combat and in shooting
at each other one of them should accidentally shoot a bystander. There
was no error in the action of the court refusing to charge on this sub-
ject. The State's theory of the case seems to have been that appellant
slew his wife because she had left him and refused to live with him.
Appellant's theory, as stated above, based on his own testimony, was

to the effect that Bruce shot his wife accidentally in attempting to kill him when he caught them in bed together. In this connection, however, the jury might have believed that appellant caught Bruce and his wife in bed together, but that Bruce did not shoot her; that appellant killed her in attempting to kill Bruce. At least, the court in its charge appears to have taken this view of the case, and to have instructed the jury under article 672, Penal Code. However, the court coupled his instruction with this language: "That if defendant caught Bruce and his wife in adultery, and he attempted to kill Bruce and accidentally shot his wife, he would be justified, provided the jury believed the house where the homicide occurred was a decent house, or defendant believed it was." We know of no rule of law that authorized this proviso to the instruction. The effect of the charge was that, if the jury did not believe the house where appellant found his wife was a decent house, he would have no right under the statute to kill her paramour. The statute makes no exception in favor of one place or another; but is broad enough to include every place. It certainly does not authorize an immunity to one who has debauched the wife of a citizen, provided he shall induce her to meet him at a house of ill fame or assignation house. It occurs to us that this would violate not only the letter, but the spirit of the statute, and would nullify it.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*