ALBERT FENTON v. THE STATE.

No. 7212. Decided February 7, 1923.

**1.—Selling Intoxicating Liquor—Indictment.**
    Where, upon trial of selling intoxicating liquor, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Statement of Facts—Practice on Appeal—Question and Answer Form.**

It is required that there be a statement of facts in narrative form, and where this is not the case, but the same is in question and answer form, it will not be considered on appeal, and the proceedings being otherwise sufficient and regular, the judgment below is affirmed.

**3.—Same—Rehearing—Admonition to The Bar.**

We respectfully call the attention of the bar to the congested condition of our docket and request their co-operation in the preparation of records for appeal.

Appeal from the District Court of Nacogdoches. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*S. M. Adams,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Nocogdoches County of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

The indictment charges appellant with unlawfully selling to R. D. McKnight spirituous, vinous and malt liquor capable of producing intoxication, and is in form which has been frequently upheld by us. We find no error in the charge of the court.

We regret that we cannot consider what purports to be appellant's statement of facts because not in conformity with the repeated decisions of this court and the requirements of the statute. It is required that there be a statement of facts in narrative form, and such is not the case here. In addition to being in question and answer form as to most of the testimony, the statement of facts contains the numerous exceptions made by appellant's attorney and conversations and arguments had between him and the court, and the court's action upon these exceptions. As a sample of what appears in said statement of facts we note that on page 2 thereof appears four questions, each less than one line in length. The answers to each of said questions are also less than one line in length, but said page contains eleven statements by appellant's attorney and six by the learned trial court. Neither the questions, nor the answers, nor the statements of the trial court, nor the statements or exceptions made by appellant's attorney have any place in a statement of facts in criminal procedure. Article 844c of our Code of Criminal Procedure very plainly directs that a statement of facts be in narrative form, and this means only a narrative of the facts.

The questions raised in appellant's bills of exception cannot be considered, or their pertinence determined, or the question of any injury on any of the matters complained of, be ascertained in the absence of a statement of facts.

The judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

March 7, 1923.

HAWKINS, JUDGE.—We regret that after a consideration of appellant's motion for rehearing we cannot consider the statement of facts without ourselves ignoring all our previous decisions relative thereto. We respectfully call the attention of the bar to the congested condition of our docket, and request their co-operation in directing the preparation of their records for this court in such manner as will lessen our labor as much as possible.

The motion for rehearing is overruled.

*Overruled.*