To the same effect see Bulger v. People, 61 Colo. 187, 156 Pac. 800; Rex v. Larkins, 22 Cox C. C. 598; State v. Chretien, 114 La. 81, 38 South. 27; State v. Nordstrom, 21 Wash. 403, 58 Pac. 248, 53 L. R. A. 584.

This court is only given by statute and the Constitution power to issue writs necessary for the protection or enforcement of its own jurisdiction. There being no question of the jurisdiction of this court involved in the application for certiorari, same must be refused and it is accordingly so ordered.

---

## PEARSON v. STATE.  (No. 7590.)

(Court of Criminal Appeals of Texas. Jan. 30, 1924.)

Criminal law ⊂⇒1184—Sentence reformed to conform to indictment.

Under Vernon's Ann. Code Cr. Proc. 1916, art. 938, authorizing the Court of Criminal Appeals to reform and correct as the law and the nature of the case may require, that court will reform a sentence to the penitentiary for the offense of selling intoxicating liquor to make it conform to the indictment which was for unlawfully transporting intoxicating liquor, a verdict of guilty of that offense, and the court's express declaration in receiving and recording the verdict that accused was guilty of that offense.

Appeal from District Court, Mantague County.

On second rehearing. Overruled.

For former opinion, see 254 S. W. 953.

MORROW, P. J. The indictment consisting of a single count charges the offense of unlawfully transporting intoxicating liquor. That issue was submitted to the jury in the court's charge, the verdict found appellant guilty of that offense, and of that offense the court in receiving and recording the verdict expressly declared him guilty. On this motion it is shown that appellant is condemned to the penitentiary for the offense of selling intoxicating liquor. In article 938, Vernon's Ann. C. C. P., it is declared that "the Court of Criminal Appeals may reform and correct as the law and the nature of the case may require." When the data necessary to enable the court to correct an improperly entered judgment is revealed by the record, this court has reformed the sentence on many occasions. In Small's Case (Tex. Cr. App.) 38 S. W. 798, the majority opinion held to the contrary. That ruling was expressly rejected in Burk's Case (Tex. Cr. App.) 55 S. W. 826. The latter view is in accord with the opinion of this court in River's Case, 10 Tex. App. 177; Robinson v. State, 58 Tex. Cr. R. 550, 126 S. W. 276, and many other cases collated in Branch's Ann. Tex. P. C. § 668, and in Vernon's Tex. Crim. Stat. vol. 2, p. 900.

The sentence is reformed to agree with the indictment, verdict, and judgment sentencing the appellant to confinement in the penitentiary for a period of one year for the offense of unlawfully transporting liquor. In other respects the motion is overruled.