### David L. James v. The State.

#### No. 7639.    Decided April 9, 1924.

#### Rehearing denied June 18, 1924.

**Manufacturing Intoxicating Liquor—Statement of Facts—Practice on Appeal.**

Where the statement of facts was not prepared in compliance with the terms of the statute and it appeared therefrom that every objection made by counsel, and every reply of the court to an objection of counsel was incorporated therein, etc., the same cannot be considered on appeal and must be stricken from the record, and the proceedings being otherwise regular, the judgment below must be affirmed.

Appeal from the District Court of Nacogdoches.   Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*S. M. Adams* and *A. H. Moore,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney, and *R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for the manufacture of intoxicating liquor with punishment fixed at confinement in the penitentiary for five years.

We copy the following suggestion from the brief of counsel representing the State:

"The State submits that the statement of facts in this record should not be considered, because it is not prepared in compliance with the terms of the statute.   It appears in the statement of facts that every objection made by counsel, and every reply of the court to an objection of counsel, was incorporated therein.   In fact, all colloquies, objections and replies between opposing counsel and the court are

incorporated therein, and for these reasons the statement of facts is not a narrative statement of facts and should not be considered."

An examination of the statement of facts reveals that the foregoing criticism is well founded. We have had occasion to pass upon similar records from the same court in Jenkins v. State, 93 Texas Crim. Rep., 375, 247 S. W. Rep., 861 and Fenton v. State, 93 Texas Crim. Rep., 366, 248 S. W. Rep., 363. Everything said in those opinions is equally applicable to the statement of facts in the present case. With the increased volume of work which this court is called upon to perform it is unreasonable and impracticable to expect us to pick from a mass of objections made by counsel, and from colloquies between him and the court and opposing counsel, those matters which would be necessary and material in considering the evidence. For the same reasons given in the two cases above referred to we must regretfully decline to consider the statement of facts.

The only bills of exception raise questions the materiality of which can not be appraised by us in the absence of a statement of facts.

It becomes necessary in this state of the record to order an affirmance of the judgment.

*Affirmed.*

[Rehearing denied June 18, 1924. Reporter.]