### R. J. PITTS v. THE STATE.

No. 8604. Delivered February 11, 1925.

Rehearing denied June 24, 1925.

**1.—Sale of Intoxicating Liquor—Circumstantial Evidence—Held Sufficient.**

Where on a trial for the sale of intoxicating liquor the State relies upon circumstantial evidence alone, if the facts proven by the State, if true, will sustain the verdict of the jury, it will not be disturbed. It is the function of the jury to believe or disbelieve the evidence adduced, and not a function of this court to disturb their findings, if there is evidence to support them.

**2.—Same—Reforming Judgment.**

By an oversight in the sentence the appellant was not given the benefit of the indeterminate sentence law. The sentence will be reformed to read that he serve in the penitentiary not less than one, nor more than two years. As thus reformed, the judgment is affirmed.

Appeal from the District Court of Mitchell County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction for the sale of intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*W. H. Garrett, Smith & Harris,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being assessed at two years in the penitentiary.

The indictment alleges the sale by appellant of intoxicating liquor to one Allen Cary. The record reveals that Cary is a negro and appellant a white man. The transaction out of which the prosecution grew occurred late Saturday afternoon in the city of Colorado. Cary

100 Tex. Crim.—42.

testified that between sundown and dark a man approached him on the street and asked him if he wanted some whiskey; that he told the man he did, got in the car with him and drove out of town; that witness procured a bottle and the man got out of a thicket a jug from which he filled appellant's bottle with whiskey. Cary testified he had never before seen the man from whom he bought the whiskey, but is positive in the assertion that he bought the whiskey from the man he got in the car with. In one place in his testimony he said appellant did not look like the man. Further than this he declined to go, saying he could not be sure about it one way or the other as he had never seen the man before that time. He says the man brought him back to town but he is uncertain at just what point he left the car. Cary had an oil can at the time he was approached to purchase the whiskey and set it down when he left with the man in the car. After he was brought back he returned to get his oil can. R. C. Dale a deputy sheriff testified that he saw appellant with the witness Cary, saw them talking together; saw Cary put his oil can down, get in the car and ride away with appellant; that he followed them for some distance but lost the car after which he came back and waited until the negro returned for the oil can when he was taken into custody; that this was something like an hour after they left in the car together. He took from Cary at that time the bottle of whiskey which Cary swore he had purchased from the man he had gone away with. A short time after this appellant drove up in a car and was taken into custody by Dale and another officer named Cook who was with Dale at the time. Dale positively identified appellant as the man who was talking to Cary and who got in the car with Cary on the street in Colorado just after Cary set the oil can down; that when appellant was arrested he was driving the same car he and Cary had gone away in some time before. Cook, the other officer, knew nothing about the first transaction as he was not with Dale when it occurred. Both officers swore that they took from appellant's car at the time of his arrest two quart bottles of whiskey; that in the car was a square box about the size of a "fruit-jar" box in which were some rags and cotton containing impressions of fruit jars or bottles. Appellant denied in toto the transaction with Cary. He accounted for one bottle of whiskey in his car by saying that as he returned to the city after having eaten supper at a Mrs. Enderly's he bought the whiskey from a bootlegger. He claimed this was the only whiskey in his car at the time of his arrest. Appellant introduced witnesses who testified to meeting him as he was leaving the city of Colorado at a time which, if true, would have been prior to the hour fixed by Cary as the time of the purchase of the whiskey. Mrs. Enderly also testified that appellant same to her house before sundown and ate supper there, leaving her house about eight or eight-thirty o'clock. Her daughter testified to the

same facts. Mrs. Enderly, however, was positive in her statement that appellant's brother was with him, but in this regard appellant himself admits she was mistaken. Another witness also testified that he was in Colorado late Saturday evening and saw a negro talking to two white men, and finally saw one of them go off with the negro; that it was not appellant. As we understand this witness' testimony he claims appellant was one of the white men talking to the negro but was not the man who went away with him. Nowhere in his testimony does he undertake to identify Cary as the negro. In response to cross-examination officers Dale testified that when appellant came back on the street at the time of his arrest no one was in the car with him. Officer Cook did not agree with him on this point, but testified that a man by the name of Shurtliff was in the car with him at the time. Shurtliff denied this, asserting that he had never at any time been in the car with appellant. A witness by the name of Loftus testified that he was in the car with appellant when he drove up immediately before the arrest was made.

The court properly charged that the State relied on circumstantial evidence for a conviction. It is appellant's contention that under all the facts and circumstances in evidence the State has failed to produce sufficient proof to authorize a conviction in that the facts do not exclude every other reasonable hypothesis save that of appellant's guilt. Usually where this question arises it is under conditions where assuming the facts proven by the State to be true they do not meet the requirements of the law where circumstantial evidence is relied on. We do not understand that to be the situation in the present case. Cary testified positively that he bought the whiskey from the man he got in the car with, and Dale testified with equal positiveness that appellant was that man. If these statements were accepted as true by the jury the facts thus established would exclude every other reasonable hypothesis than that of appellant's guilt. On the other hand, if the jury had accepted as true the testimony of witnesses offered by appellant an alibi was established which called for an acquittal. An analysis of the testimony leads us to the conclusion that the case turned upon the acceptance by the jury as true the statements of Cary and Dale. This was the peculiar function the jury was called to perform. They saw the witnesses, heard them testify, passed upon the inconsistencies and contradictions in the testimony both for the State and appellant. They have solved the issue of fact in favor of the State. Under the circumstances of this case we would feel unauthorized to disturb the verdict.

A number of bills of exception appear in the record none of which we think are meritorious, and none of them of sufficient importance to call for discussion.

We notice that by oversight in the sentence appellant was not given the benefit of the indeterminate sentence law. The sentence will be reformed to read that he serve in the penitentiary not less than one nor more than two years. As thus reformed the judgment is ordered affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Responding to the appellant's motion for rehearing, we have carefully re-read the statement of facts. The evidence seems conclusive that the witness Carey obtained the whiskey which was introduced in evidence from a man in whose car he was riding. Cary testified in a definite manner and other circumstances corroborated him. He was unable to identify the appellant as the person in whose car he traveled and from whom he got the whiskey. The witness Dale, however, was quite definite in his testimony as to the identification of the appellant as the man who was in company with Cary. In our judgment, the only theory upon which this court could hold that the evidence was insufficient to support the verdict would be that Dale's testimony was false. It is true that he admits that he had had no previous personal acquaintance with the appellant. However, he saw him several times on the day of the occurrence and had occasion and opportunity to take note of his appearance. His testimony does not reflect the mere opinion touching the identity as was the case in Smiley v. State, 87 Texas Crim. Rep. 528.

The motion for rehearing is overruled.

*Overruled.*