## ENNIS SMIDDY v. THE STATE.

No. 9124.   Delivered June 17, 1925.

**Passing Forged Instrument—Sentence—Reformed—Following Verdict.**

Where on a trial for passing a forged instrument, the sentence recites that the conviction is for "receiving and concealing stolen property," with punishment fixed at four years confinement in the penitentiary, the sentence will be corrected to conform to the verdict as applied to the charge of the court and the indictment, adjudging appellant guilty of the offense of unlawfully passing a forged instrument in writing and sentencing him to confinement in the penitentiary for a period of not less than two, nor more than four years. See Art. 938 C. C. P. Following Pierson v. State, 257 S. W. 895 and authorities there cited.

Appeal from the District Court of Wichita County.   Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction of passing a forged instrument in writing; penalty, four years in the state penitentiary.

The opinion states the case.

*Fitzgerald & Hatchitt,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is unlawfully passing a forged instrument; punishment fixed at confinement in the penitentiary for a period of four years.

No necessity is perceived for stating or discussing the evidence. Suffice it to say that it is quite sufficient to establish the facts upon which the State relied for a conviction and upon which the verdict is based.

No exceptions appear to have been taken to the introduction or exclusion of evidence or to the rulings of the court save that denying the motion for new trial.

The indictment is regular and contains two counts, both of which were submitted to the jury in the charge of the court. A verdict was returned specifically finding him guilty of the second count in the indictment. Upon the verdict a judgment was entered declaring the appellant guilty of the offense of forgery and passing a forged instrument as found by the jury and fixing his punishment in the penitentiary for a period of four years. It is declared in the sentence that the conviction is "for receiving and concealing stolen property" with punishment fixed at confinement in the penitentiary for a period of four years. The sentence should have followed the verdict as applied to the charge of the court and the indictment, and adjudged the appellant guilty of the offense of unlawfully passing a forged instrument in writing and sentencing him to confinement in the penitentiary for a period of not less than two nor more than four years. Acting under the authority of the statute, Art. 938, C. C. P., and its interpretation by the decisions of this court, the sentence will be corrected in accord with the above announcement, and as thus reformed, the judgment will be affirmed. The precedents upon the subject of correcting the judgment to conform to the verdict are found collated in the recent case of Pearson v. State, 257 S. W. Rep. 895.

The judgment is reformed and affirmed.

*Reformed and affirmed.*