T. A. Cobb v. The State.

No. 9106.   Dismissed May 20, 1925.

Reinstated  Delivered June 26, 1925.

1.—Possessing Equipment—Recognizance—Defective—Appeal Dismissed.

Where a recognizance is defective in failing to describe the offense for which appellant has been convicted the appeal must be dismissed.

2.—Same—Recognizance—Perfecting—Appeal Reinstated.

Where a cause has been dismissed on account of a defective recognizance, and within proper time the recognizance is perfected, the cause will be reinstated, and considered on its merits.

3.—Same—Continuance—Second Application—Properly Overruled.

Where on a trial for possessing equipment for manufacturing intoxicating liquor, a second application for a continuance was presented on account of the absence of two witnesses, one of whom appeared on the trial and testified, and the testimony of the other was not shown to be pertinent to the defense, as presented, there was no error in refusing the continuance.

4.—Same—Indictment—Allegata—Probata—No Variance.

Where the indictment sets out numerous articles which it alleges constituted paraphernalia for manufacturing intoxicating liquor, and all of the articles enumerated were introduced on the trial except an old stove that States's witnesses testified was also found in appellant's possession, there was no variance between the allegations in the indictment, and the proof.

5.—Same—Judgment—Erroneous—Reformed.

Where the jury returns a general verdict of guilty and the judgment entered does not conform to the allegations in the indictment and the charge of the court, it will be reformed here, and the judgment in the instant case is reformed to read that said defendant is adjudged guilty of unlawfully possessing equipment for the manufacture of spirituous liquors capable of producing intoxication, which said judgment and sentence being so reformed and corrected, is in all things affirmed.

Appeal from the District Court of Van Zandt County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for unlawfully possessing equipment for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*A. B. Culbertson,* of Athens, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the District Court of Van Zandt County under an indictment alleging that he unlawfully possessed equipment for manufacturing spirituous, vinous and malt liquor and medicated bitters capable of producing intoxication, said equipment being as follows; One furnace, one stove, one boiler, one hollow metal pipe, one barrel, and one trough, and his punishment was assessed at confinement in the penitentiary for a term of one year.

The recognizance in this case states that the appellant stands charged with the offense of possessing a still. It is fundamental that the recognizance should correctly state the offense for which the appellant has been convicted. The recognizance in this case does not conform to this rule, and in our opinion would not support a judgment of forfeiture, and because same is defective in the manner above stated, this appeal is dismissed. Appellant will be allowed fifteen days from this date to perfect the recognizance in the manner above indicated, otherwise this judgment shall become final.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

REINSTATED.

BAKER, JUDGE.—The appellant was indicted and convicted in the district court of Van Zandt County for the offense of unlawfully possessing equipment for manufacturing intoxicating liquor and his punishment assessed at one year confinement in the penitentiary.

This appeal was dismissed at a former day of this court on account of a defective recognizance which has since been perfected and it is before us now for consideration upon its merits.

Complaint is made to the action of the court in refusing to grant the appellant's second application for continuance for the want

of the testimony of the witnesses Wallace and Mrs. Carter. The qualification of the court to this bill shows that the witness Wallace appeared and testified and that the witness Mrs. Carter, by whom it is alleged the appellant expected to prove owned and left an old stove on the premises of the appellant, would have only been cumulative testimony to much other testimony that was introduced to the same effect by the appellant from other witnesses and which stove was not contended by the appellant to be the same used as a part of the equipment in manufacturing the intoxicating liquor in question. The bill of exception with the court's qualification thereon, in our judgment, fails to show any error in overruling said motion for continuance.

It is strenuously contended that the court erred in not holding that the articles and equipment alleged to have been used by the appellant as set out in the indictment for manufacturing whiskey were not proven by the State to be the same articles introduced in evidence. In other words, it is the contention of the appellant in this case as shown by his charges requested and his exceptions taken to the action of the court in refusing to instruct the jury that the State having enumerated the articles constituting the equipment had failed to prove the allegations in the indictment because the stove or furnance was not introduced in evidence as alleged in the indictment. It appears from the record in this case that all the articles alleged in the indictment were exhibited to the jury and introduced in evidence except the old stove or furnace which the sheriff and the State's witnesses testified had fallen to pieces since they had taken possession of it, but the said witnesses for the State fully described it in their testimony to the jury which went to the jury without any objection upon the part of the appellant. We fail to see any merit in the contention made by the appellant in this instance and believe the ruling and action of the court thereon was proper.

This brings us to the last and only point raised in this appeal which we deem of sufficient importance to discuss, and that is to the action of the county attorney in arguing the case to the jury in which it is alleged that he stated "If you want a new generation of bootleggers and moonshiners to turn the defendant loose." It is contended by the appellant that he had reference to the appellant's children who were playing around the defendant at the time said argument was made. We fail to see any reversible error in this particular and it does not appear from the record that the jury was prejudiced thereby as the defendant was given the lowest punishment under the law.

The court properly charged the jury on the law of this case as we view it including the special charges given at the instance of the

appellant and we think the findings of the jury was supported by the testimony in the case and are of the opinion that the record fails to disclose any error of the trial court and that said case should be affirmed.

The record discloses, however, that the defendant was charged with unlawfully having in his possession equipment for manufacturing spirituous, vinous and malt liquor and medicated bitters capable of producing intoxication, and the judgment adjudges the defendant guilty of the offense of ''possessing a still' and that the sentence of the court so charges and adjudges the defendant of being ''guilty of possessing a still,'' which statements in said judgment and said sentence are erroneously entered and this court, under Art. 938, C. C. P., hereby reforms said judgment and said sentence each to read that said defendant is adjudged guilty of unlawfully possessing equipment for the manufacture of spirituous liquor capable of producing intoxication, in lieu of said statements therein contained in said judgment and sentence and which said judgment and sentence being so reformed and corrected, the judgment of the trial court is hereby reformed and affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.