### KYLE WRIGHT v. THE STATE.

No. 9005.   Delivered October 14, 1925.

1.—Embezzlement—Statement of Facts—Question and Answer—Stricken Out.

The State moves to strike out the statement of facts herein, because same is not in narrative form as prescribed by Vernon's C. C. P., Art. 844 c. An examination shows that all direct and redirect examinations of the witnesses, and a part of the cross-examination, of same, is in question and answer form, and the motion of the state is sustained.   Following Cottrell v. State, 237 S. W. 278.

2.—Same—Judgment and Sentence—Incorrect—Reformed.

Where on a trial for embezzlement, the judgment and sentence do not conform to the verdict, same will be herein corrected, and reformed to read that Kyle Wright, who has been adjudged guilty of embezzling money belonging to W. T. Smith, etc., instead of funds belonging to Wood County, and as reformed, the judgment is affirmed.

Appeal from the District Court of Wood County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of embezzlement; penalty, three years in the penitentiary.

The opinion states the case.

*R. E. Bozeman* and *Jones & Jones,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, Judge.—Appellant was convicted in the district court of Wood County of embezzlement and his punishment assessed at three years in the penitentiary.

The State's Attorney for this court moves to strike out the statement of facts because the same is not in narrative form as required by Vernon's Statutes C. C. P., Art. 844c, but is in more or less question and answer form, mixed with objections and rulings by the court and argument of counsel, citing Fenton v. State, 248 S. W. 363; Jenkins v. State, 247 S. W., 861; Simmons v. State, 261 S. W., 1032, and James v. State, 262 S. W., 500.

The appellant contends in his answer to said motion that the statement of facts is sufficient after eliminating all of the question and answer form and the objections urged, rulings made by the Court, and colloquy of counsel, and comes under the principle announced by this Court in Cottrell v. State, 237 S. W., 278. Upon investigation of said statement of facts we find that all of the direct and redirect examination of the witnesses and a part of the cross-examination of same is in question and answer form, and same is not in compliance with the statutes supra, and we believe the decisions above cited by the State are in point and are not in conflict with the Cottrell case, and that said motion should be sustained, and said statement of facts should be and same is hereby stricken out. We believe under the law this is the proper and only course this court is authorized to pursue in this case. The record discloses, the indictment charges the appellant with embezzling money belonging to Wood County in the first count and embezzling money belonging to W. T. Smith in the second count. The court charged the jury only upon said second count and the verdict of the jury was returned upon same, but the judgment and sentence are based upon the first count of the indictment. This being an error that this court is authorized to correct under the law, said judgment and sentence are here now corrected and reformed to read that Kyle Wright who has been adjudged to be guilty of embezzlement of money belonging to W. T. Smith, etc., instead of funds belonging to Wood County.

With the statement of facts eliminated there is no reversible error shown by the record, and the judgment and sentence of the trial court as reformed is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.