## J. J. BOYD v. THE STATE.

No. 14305.   Delivered April 22, 1931.
Rehearing Denied May 20, 1931.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The offense is assault with intent to murder.

The indictment is regular and properly presented.

A plea of guilty was entered. The matter was submitted to the jury in the charge of the court of which there is no complaint or faults so far as has been observed. No exception was addressed to it on the trial, and the complaint of it in the motion for new trial cannot be considered. See Vernon's Ann. Tex. C. C. P., vol. 2, arts. 658, 659, and 660.

The verdict, as returned, found the appellant guilty as charged in the indictment and assessed his punishment at confinement in the penitentiary for a period of two years. The judgment sets out the verdict and is entirely regular.

The sentence, in place of the words "guilty af assault with intent to murder" uses the words "adjudged guilty of *attempt* to murder." Article 847, C. C. P., 1925, says the Court of Criminal Appeals "may reform and correct the judgment, as the law and nature of the case may require." This declaration of the Legislature has been uniformly construed to confer upon this court the authority and impose upon it the duty of amending the sentence, as well as the judgment, to coincide with the verdict. Many of these cases will be found collated in Vernon's Ann. Tex. C. C. P., 1925, vol. 3, p. 252. See McCorquodale v. State, 54 Texas Crim. Rep., 344, 98 S. W., 879; Robinson v. State, 58 Texas Crim. Rep., 550, 126 S. W., 276; Smith v. State, 90 Texas Crim Rep., 273, 234 S. W., 893; Wright v. State, 101 Texas Crim. Rep., 503, 276 S. W., 259. Among the later cases, see Cobb v. State, 101 Texas Crim. Rep., 182, 274 S. W., 153; Pitts v. State, 100 Texas Crim. Rep., 657, 274 S. W., 574; Smiddy v. State, 101 Texas Crim. Rep., 138, 274 S. W., 602; Edge v. State, 101 Texas Crim. Rep., 324, 275 S. W., 1010. Many others are cited in the supplement to the statute above mentioned, page 36.

The sentence will be reformed so as to accord with the verdict and judgment, and the accused, J. J. Boyd, who has been adjudged guilty of an assault with intent to murder and whose punishment has been assessed by the verdict of the jury at confinement in the penitentiary for a period of two years, will be delivered by the sheriff of Rains county to the superintendent of the penitentiary of the State of Texas or persons legally authorized to receive convicts, and the said J. J. Boyd shall be confined in said penitentiary for two years in accord with the provisions of the law of this state.

The motion for rehearing will be granted to the extent indicated by the reformation of the judgment. Otherwise it will be overruled.

*Sentence reformed with instructions.*