CORBIE WOOTEN v. THE STATE.

No. 15247. Delivered May 25, 1932.
Reported in 50 S. W. (2d) 834.

The opinion states the case.

*B. F. Edwards,* of Clarksville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

We find in this record a statement of facts in question and answer form, which was filed in the office of the clerk of the trial court on February 13, 1932, approximately six months after the taking effect of chapter 34, Acts First and Second Called Sessions of Forty-Second Legislature (Vernon's Ann. Civ. St., arts. 2237-2239, and note, Vernon's Ann. C. C. P., art. 760), which in terms provides that in criminal cases the statement of facts shall be in narrative form (section 7, Vernon's Ann. C. C. P., art. 760), a re-enactment of what has been the law since 1925. Said act was approved August 17, 1931. We can not consider said statement of facts, but since the accused must suffer from such failure to observe the law, and there has arisen some confusion in consequence of the passage of the law by the Regular Session of the Forty-Second Legislature permitting statements of fact to be in question and answer form in civil cases. (See Acts Forty Second Legislature [1931] cc. 63 and 135), we have concluded that we will consider appellant's statement of facts if filed in narrative form with the clerk of this court not later than fif-

teen days after the date of the handing down of this opinion. We also find in the record what purports to be a statement of facts heard by the court below when he passed on appellant's motion to quash the venire which,—in addition to being in question and answer form,—does not bear the approval of the trial judge. We, therefore, can not consider same.

As far as we may judge from the record before us, the court ordered a venire of sixty-five men in this case. Appellant complains because the same men were drawn on another venire. This fact manifests no reversible error in this case. We do not see how it could work any injury to appellant. The men who were on this venire responded, and, if from the list of same a jury was properly selected and impaneled and tried this case, we fail to perceive how there could be available objection. We have examined the authorities cited by appellant under what he calls in his brief his sixth proposition, but none of them seem in point or to support appellant's complaint of the above matters. He was not in jail at the time the venire was summoned or return made, and his attorney made for his use a copy of the names of the men summoned, stating to the clerk of the court that this would serve. We find no substantial ground for complaint.

Exculpatory statements claimed to have been made by appellant appear not to have been offered in evidence by the state,—but by the appellant himself; hence are not binding on the state and need not be by it disproved. Nor should the jury be charged that any burden or duty rests on the state to show that such exculpatory statements are untrue, where such statements were introduced by the accused. Giles v. State, 43 Texas Crim. Rep., 561, 67 S. W., 411; Shaw v. State, 73 Texas Crim. Rep., 337, 165 S. W., 930. The state may introduce a part only of a confession. Davis v. State, 85 Texas Crim. Rep., 15, 209 S. W., 749; Young v. State, 91 Texas Crim. Rep.. 514, 240 S. W., 930; Medlock v. State, 108 Texas Crim. Rep., 279, 1 S. W. (2d) 308.

Appellant's bills of exception Nos. 6, 7, 9 and 10 are qualified, and the charges refused appear to be fully covered by the main charge, which presents and contains the same matters appearing in special charges, refusal of which is complained of.

Appellant having been convicted of murder without malice, the complaint evidenced by bill of exception No. 8 becomes of no avail.

By bill of exception No. 12 it is made to appear that appellant sought to have the jury told that, if he was a person of a low order of intelligence, this might be considered by the jury in mitigation of the punishment. This would be on the weight of the evidence. The charge was properly refused.

Bill of exception No. 13 complains of the refusal to charge upon the theory of insanity. In the qualification it is made to appear that in the

charge as originally prepared the court had embraced a charge on insanity, but that, when appellant excepted to the giving of such charge on the ground that same was not raised by the evidence, the court took it out. We believe this disposes of all the errors of which complaint is made. If appellant believes the evidence does not justify the verdict and cares to have same brought before us in narrative form, our suggestion in regard to same appears at the beginning of this opinion.

Finding no error for which reversal should be had, the judgment will be affirmed.

*Affirmed.*