# MARCH 27, 1940

## JOHN CARNES V. THE STATE.

No. 20641. Delivered December 6, 1939.
Motion for Rehearing Withdrawn January 10, 1940.
On Motion to Reform Mandate March 27, 1940.

The opinion states the case.

W. C. Baker and Jim W. Weatherby, both of Kerrville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with driving an automobile while drunk, and upon conviction was fined $500.00 and sentenced to serve thirty days in jail.

The testimony abundantly shows him to have been intoxicated at the time of an unfortunate accident in which his car struck a pickup and trailer, causing the death of a man and a nineteen months old baby.

There are six bills of exceptions in the record, all of which were properly refused by the learned trial judge, nor were any bystanders bills taken.

There was also alleged in the motion for a new trial certain misconduct of the jury, and same was attempted to be set forth in a statement of facts proven on the hearing of such motion. This statement consists, in its entirety, of questions and answers thereto, and therefore we cannot consider same. Russell v. State, 44 S. W. (2d) 727; Wright v. State, 276 S. W. Rep. 259; Wooten v. State, 50 S. W. (2d) 834.

There are no errors presented to us for review. Under the facts, we can only say that we are impressed with the fact that appellant has no grounds upon which to complain of the verdict of the jury, as the proof offered by the State would amply support a much more onerous punishment. The charge of the court seems to admirably present all phases of the law raised by the evidence, and we find no objections thereto in the record.

Finding no error herein, the judgment is affirmed.

### ON AFFIDAVIT TO WITHDRAW MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The judgment was affirmed on the 6th day of December, 1939. On December 15, 1939, a motion for rehearing was filed. On the 3rd day of January, 1940, appellant filed in this Court his affidavit advising that he desired to withdraw his motion for rehearing and permit the judgment of affirmance to become final. The request of appellant is granted and the clerk of this Court is directed to issue mandate on the original judgment of affirmance.

### ON MOTION TO REFORM MANDATE.

GRAVES, Judge.

Appellant files a motion in this Court requesting that we correct our mandate heretofore issued on January 12, 1940, his complaint being directed at the following italicized phrase: "It is ordered, adjudged and decreed by the court that the judgment be in all things affirmed, and that the appellant *and his sureties on recognizance* pay all costs in the court below, and that this decision be certified below for observance."

In the Revised Civil Statutes 1895, Art. 1063, it was provided that: "In every case of a less grade than felony, in which an appeal is taken to the Court of Criminal Appeals, and the judgment of the lower court is affirmed against the defendant, all fees due the clerk of said court in said case shall be adjudged against the defendant and his sureties on recognizance," etc.

Construing such statute Judge Henderson held in Benson v. State, 39 Texas Crim. Rep. 56, and Arbuthnot v. State, 38 Texas Crim. Rep., 509, that payment of the costs in this court was a portion of the obligation of the sureties on a recognizance in such a misdemeanor case. This statute has been

repealed, and will not be found in the 1925 revision of our statutes. The recognizance in this case merely obligates the sureties to see that appellant shall appear before the court from day to day and from term to term of the same, and not depart therefrom without leave of the court in order to abide the judgment of the Court of Criminal Appeals of the State of Texas.

Without the aid of the repealed statute, we do not think we have the power, under this recognizance, to require the sureties to pay the costs in the lower court nor does the law thus require, but must leave that matter to the proper officers in such court, to enforce the same against the appellant.

The motion is therefore granted, and the clerk is directed to withdraw the mandate of date January 12, 1940, and to issue a further one as above set forth, leaving out, however, the words "and his sureties on recognizance."