## CARNES v. STATE.

### No. 20641.

Court of Criminal Appeals of Texas.

Dec. 6, 1939.

Rehearing Withdrawn Jan. 10, 1940.

W. C. Baker and Jim Weatherby, both of Kerrville, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was charged with driving an automobile while drunk, and upon conviction was fined $500 and sentenced to serve thirty days in jail.

The testimony abundantly shows him to have been intoxicated at the time of an unfortunate accident in which his car struck a pick-up and trailer, causing the death of a man and a nineteen months old baby.

There are six bills of exceptions in the record, all of which were properly refused by the learned trial judge, nor were any bystanders' bills taken.

There was also alleged in the motion for a new trial certain misconduct of the jury, and same was attempted to be set forth in a statement of facts proven on the hearing of such motion. This statement consists, in its entirety, of questions and answers thereto, and therefore we can not consider same. Russell v. State, 120 Tex.Cr.R. 425, 44 S.W.2d 727; Wright v. State, 101 Tex.Cr.R. 503, 276 S.W. 259; Wooten v. State, 121 Tex.Cr.R. 462, 50 S.W.2d 834.

There are no errors presented to us for review. Under the facts, we can only say that we are impressed with the fact that appellant has no grounds upon which to complain of the verdict of the jury, as the proof offered by the State would amply support a much more onerous punishment.

The charge of the court seems to admirably present all phases of the law raised by the evidence, and we find no objections thereto in the record.

. Finding no error herein, the judgment is affirmed.

### On Affidavit to Withdraw Motion for Rehearing.

HAWKINS, Presiding Judge.

The judgment was affirmed on the 6th day of December, 1939. On December 15, 1939 a motion for rehearing was filed. On the 3d day of January, 1940, appellant filed in this court his affidavit advising that he desired to withdraw his motion for rehearing and permit the judgment of affirmance to become final. The request of appellant is granted and the clerk of this court is directed to issue mandate on the original judgment of affirmance.