

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 22, 1961

Honorable Stanley C. Kirk
District Attorney
Wichita County Courthouse
Wichita Falls, Texas

Dear Mr. Kirk:

Opinion No. WW-1115

Re:  Whether a grand jury may
interrogate an accused
witness without the witness'
counsel being present?

You have asked this office for an opinion on the following:

"May a grand jury interrogate an accused
witness without the witness' counsel being
present?"

There is no Texas authority on this particular question.
However, all other jurisdictions which have ruled on this point
hold that such a witness does not have a right to have his
attorney with him in the grand jury room. In re Black, 47 F.2d
542 (C.C.A.2d, 1931), United States v. Priest, 77 F.Supp. 812
(E.D.Mo., 1948), United States v. Central Supply Association,
34 F.Supp. 241 (N.D.Ohio, 1940), People v. Dale, 179 P.2d 870
(1st D.Cal., 1947), Wickline v. Alvis, 144 N.E.2d 207 (C.A.Ohio,
1957), United States v. Levine, 127 F.Supp. 651 (D.Mass., 1955),
United States v. Blanton, 77 F.Supp. 812 (E.D.Mo., 1948). The
witness must rely for any needed protection on his personal
privilege against self-incrimination to be invoked when the
occasion arises. In Texas, the established rule that a person
shall not be compelled to give evidence against himself in a
criminal prosecution may be invoked by a witness called to
testify before a grand jury unless he has been guaranteed complete immunity from prosecution in giving such testimony or
unless he has waived his privilege by appearing voluntarily or
by consenting to be interrogated. Ex parte Smelley, 21 S.W.2d
299 (Tex.Crim., 1929), Browning v. State, 142 S.W. 1 (Tex.Crim.,
1911), Shaw v. State, 165 S.W. 930 (Tex.Crim., 1914). Before
the witness will be held to have waived his privilege, however,
it must be shown that he was duly cautioned as to his rights.
Allen v. State, 188 S.W. 979 (Tex.Crim., 1916), Simmons v. State,
184 S.W. 226 (Tex.Crim., 1916).

The reason and theory behind the holding by the courts of various jurisdictions is that the grand jury is a secret proceeding which meets, receives and sifts evidence independently, secretly, and in their own way so as not to be influenced or swayed by passions or improper motives.  The accused witness certainly has no right to appear before the grand jury either personally or by counsel.  In United State v. Levine, supra, the court said:

> "Defendant's right to the assistance of counsel accrues with the returning of the indictments against him.  He is not entitled to counsel at the grand jury stage of the proceedings."

As stated in Wickline v. Alvis, supra:

> "Proceedings of the grand jury are not a trial but are more in the nature of an inquest. There are no parties, and no defendant has a right to appear before the grand jury . . . and he has no right to take his attorney along with him."

In People v. Dale, supra, it was held that:

> "It is clear that one who is being investigated by a grand jury is not entitled to be represented by counsel before that body."

The State Grand Jury Hand Book prepared by the American Bar Association was printed in its final form only after a copy of it had been "placed in the hands of every State judge throughout the United States." (Preface)  The Hand Book states:

> "Finally, bear in mind that neither a defendant nor an ordinary witness, when appearing before a Grand Jury, is entitled to have his counsel present in the Grand Jury Room.  To do so would be unlawful."

To answer your inquiry, a grand jury may interrogate an accused witness without the witness' counsel being present.  This agrees with your view of the law on this subject.

## SUMMARY

A grand jury may interrogate an accused witness without the witness' counsel being present.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Glenn R. Brown*

Glenn R. Brown
Assistant Attorney General

GRB:ca

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Ben Harrison
Leon Pesek
Ralph Rash
John Reeves

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Houghton Brownlee, Jr.