### DICK BROOKS V. THE STATE.

No. 9839.   Delivered November 17, 1926.

**1.—Manufacturing Intoxicating Liquor — Charge of Court — Additional Instructions—No Error Shown.**

Where, in his motion for a new trial, appellant complains of the action of the trial court in giving additional instructions to the jury in writing, at their written request, without first submitting such additional instructions to counsel for appellant, and the court's order, overruling his motion for a new trial states that the court heard said motion, and the evidence submitted thereon, and is of the opinion that same should be overruled, no error is shown. This court will attribute correctness to the record evidence showing what the court did, in the absence of a showing to the contrary.

**2.—Same—Sentence and Judgment—Reformed.**

Appellant having been convicted of the offense of manufacturing intoxicating liquor, and the sentence and judgment reciting that he is guilty of manufacturing and possessing intoxicating liquors, and possessing equipment for the manufacture, etc., the sentence judgment as entered will be reformed so as to adjudge the defendant guilty of the offense of manufacturing intoxicating liquor, fixing his punishment at one year and one day in the penitentiary, and as reformed the judgment will be affirmed.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year and one day in the penitentiary.

The opinion states the case.

*T. A. Bledsoe* of Abilene, for appellant.

On additional instructions to jury, appellant cites:
Czernocki v. State, 211 S. W. 223.
Abrigo v. State, 178 S. W. 518.
Jimerez v. State, 272 S. W. 153.
McCaskle v. State, 188 S. W. 425.
Wells v. State, 263 S. W. 315.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Convictiton in District Court of Taylor County for manufacturing intoxicating liquor, punishment one year and one day in the penitentiary.

There are no bills of exception in the record. Appellant asked a special charge, in substance, that if the jury found that appellant manufactured whiskey, he could not be convicted unless they further found and believed from the evidence, beyond a reasonable doubt, that he did not manufacture it for medicinal purposes for his wife or himself. This charge was given.

During their deliberations the jury came in and asked the trial court in writing for further instructions upon a point deemed by them as stated in contradictory terms in the main charge and the special charge given. Thereupon the court handed the request of the jury to counsel for appellant, and prepared and gave to the jury in writing the following:

"Gentlemen of the Jury: You are instructed, as the law, that one is not permitted to manufacture intoxicating liquors for beverage purposes, but may do so solely for medicinal purposes for himself or dependent members of his family."

In his motion for new trial appellant set up that while his counsel was reading the request of the jury, above referred to, the court read to the jury the further additional instruction above set out, and that said additional instruction was not submitted by the court to defendant or his counsel before being given to the jury, and no opportunity was given him to object or except to the same. In said motion he apparently states what his objections would have been to the additional charge given. The court's order overruling the motion for new trial says in terms that the court heard said motion and the evidence thereon submitted and is of the opinion that same should be overruled. There is no bill of exceptions before us presenting the evidence heard by the court. In the absence of some showing to the contrary, we are compelled to attribute correctness to the record evidence showing what the court did.

As applicable to the facts of this case, however, we see no objection to the supplemental charge given in answer to the jury's request. No claim is made on behalf of appellant that he had any defense in this case except that he was making the liquor for medicinal purposes for himself and family.

The indictment in this case contained three counts, the first charging the unlawful manufacture, the second the unlawful possession for purposes of sale, and the third the unlawful possession of equipment for manufacturing such liquor. In his charge to the jury the court submitted only the first count in the

indictment. The judgment recites that appellant is guilty of the offense of manufacturing and possessing liquors, and possessing equipment for the manufacture, etc.; the sentence follows the judgment. The judgment as entered will be reformed so as to adjudge the defendant guilty of the offense of manufacturing intoxicating liquor, fixing his punishment at one year and one day in the penitentiary, and the sentence will be reformed so as to follow the amended judgment.

Finding no error in the record, the judgment as amended will be affirmed.

*Affirmed.*