## J. B. JONES v. THE STATE.

No. 11102.   Delivered March 7, 1928.
Rehearing denied June 20, 1928.
Second rehearing denied October 10, 1928.

The opinion states the case.

*J. F. Cunningham* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The appellant was a man fifty-three years of age, engaged in train service on the T. & P. Railroad, running between Fort Worth and

Big Springs, and spent a part of his time at each of these places. According to his testimony, about the time he was leaving the train upon its arrival at Big Springs, while he was in the act of starting to the depot, a person on the train whom he did not know said: "Big boy, take my grip to the hack out there." Picking up the grip and observing that it was heavy, appellant said: "What have you in this—a drill bit?" He said this, thinking that the person was a worker in the oil fields. Soon after leaving the train, appellant met the sheriff, Frank House, and the following conversation took place:

"House said: 'Jones, we want to look through that grip.' I says, 'I would rather you wouldn't do it yet.' He says, 'We'll get a search warrant and look through it.' I says, 'You don't have to do that; there's a man coming out here in a minute that the grip belongs to, and he asked me to carry it out here for him to the hack.' And I set it down."

The sheriff testified that noticing something out of the ordinary in the appellant's carrying a very heavy hand-bag, he accosted him. From the sheriff's testimony we quote:

"At the time I stopped him I just asked him if he would mind to let me look in that grip that he had without a search warrant. He said, 'No, I would rather you would not right now.' So I did not look in it then, but I brought him and the grip to my office in the courthouse, and got a search warrant up here in the court house and looked into the grip, and in the grip I found six half-gallon cans of alcohol and five pints of whisky.

"Jones told me that the grip was not his and that he was carrying it out for a man that was inside. After I arrested him he says: 'As far as I'm concerned, go ahead and search it; it doesn't belong to me.' He further told me that it did not belong to him, but belonged to some man that was on the train and that he carried it out there as an accommodation to the man. I asked him who the fellow was, and he told me that he didn't know, but that a man told him to bring it out here to a car."

It is made clear by the evidence that it was the custom of the appellant to take a bag with him, but that he did not do so on the present occasion. The testimony of the appellant as to the manner in which he came in possession of the bag containing the liquor was supported by the testimony of the witness O'Brien. The reputation of O'Brien for truth and veracity was impeached.

Appellant insists that the evidence is insufficient to support the conviction, basing the claim mainly upon the proposition that his ex-

planation of the possession of the liquor in question was reasonable, consistent with his innocence and probably true and that its falsity was not established by the evidence adduced upon the trial. In support of his position, he invokes the rule which has been applied in this state with reference to the inference drawn in a case of theft, from the possession of property recently stolen. That rule is stated in the case of York v. State, 17 Tex. Crim. App. 442.

It is understood, however, that whether the explanation is reasonable and probably true is a question for the jury and not for the court to determine. See Underhill's Crim. Evidence (3rd Ed.) sec. 471. From Branch's Ann. Tex. P. C., Sec. 2465, we quote as follows:

"Possession of property recently stolen being a circumstance only, no inference of guilt is deduced therefrom as a matter of law; therefore it is no more necessary to single out and charge on the circumstance of such possession than it would be to single out and charge on the circumstance of flight or motive. Nor does the fact that an explanation of such possession is in evidence require a charge on the subject of possession and explanation. An explanation is of no consequence to either side unless it involves some defense; hence an affirmative charge on the defense involved in the explanation is all that is required and is the safest and fairest way of submitting the issues to the jury."

See authorities collated under Sec. 2465, supra; also McWhorter v. State, 11 Tex. Crim. App. 585; Wheeler v. State, 34 Tex. Crim. Rep. 350; Roberts v. State, 60 Tex. Crim. Rep. 20.

The present case is not one of circumstantial evidence. The testimony is direct and uncontroverted that the appellant was transporting intoxicating liquor. In his declaration and testimony, he stated that he did not know the bag contained intoxicating liquor; that it did not belong to him; and that he was carrying it at the request and for the accommodation of another with no knowledge of its contents. If this defensive theory was true, or if the jury had a reasonable doubt as to its truth, the appellant was entitled to an acquittal. The issue was submitted to the jury in a charge more favorable to the appellant than the law required. The jury was not bound to believe the testimony nor the declaration of the appellant explanatory of his conduct. Roberts v. State, 60 Tex. Crim. Rep. 20; Hawkins v. State, 270 S. W. Rep. 1025.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—There were two counts in the indictment, the second charging the possession of intoxicating liquor for purposes of sale. Attention is called to the fact that the court only submitted said second count, and that the verdict of the jury found appellant guilty of such possession. The judgment and sentence are for the transportation of such liquor. The judgment and sentence will be reformed to conform to the verdict. Sterling v. State, 103 Texas Crim. Rep. 151; Brooks v. State, 105 Texas Crim. Rep. 379; Cobb v. State, 274 S. W. Rep. 153. Some expressions in our opinion regarding appellant's guilt of transportation will be read in the light of this statement, but no difference arises in the reasoning or conclusions reached in said opinion. Appellant had in his hand when stopped by the sheriff a grip containing several gallons of whisky and alcohol. Such possession made out a prima facie case of guilt under our statute. No testimony showed that appellant had the liquor for any purpose other than sale, save the theory advanced by him in his testimony, that is, that the grip belonged to another man who asked appellant to carry it from the train out to an automobile. The charge of the court fully presented the defensive issue, based on this claim, and a special charge was given in line with said claim.

Not being able to agree with the contentions made by appellant, the motion for rehearing will be overruled.

*Overruled.*

### OPINION ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Two counts, one charging possession, the other transportation of intoxicating liquor, appear in this indictment. The court submitted in his charge only the offense of possession, and the jury by their verdict expressly found appellant guilty of such possession. The judgment entered upon the verdict however recited that appellant had been found and was adjudged guilty of transporting. Had the attention of the trial court been called to this error upon presentation of the motion for new trial, same would doubtless have been corrected. Being observed in this court, the judgment was reformed to correspond with the verdict. We are cited by appellant to authorities holding that where there are two

counts in an indictment, a conviction of one amounts to an acquittal of the other, but such authorities shed no light on the question at issue here as to the right of the court to reform.

Leave to file second motion for rehearing is denied.

*Denied.*